**DJF:SSD**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER DELLINGER, JR. and LORI L. DELLINGER,     Plaintiffs | : : : : : |
| v. | : : |
| KARLI RICHARDS, RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC, THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH,     Defendants | : : : : : : : |
| v. | : : |
| UNITED STATES OF AMERICA,     Additional Defendant | : : |

### NOTICE OF REMOVAL OF CIVIL ACTION

David J. Freed, United States Attorney for the Middle District of Pennsylvania, by Samuel S. Dalke, Assistant U.S. Attorney, on behalf of additional defendant the United States of America, hereby gives notice of the removal of the above-captioned matter from the Court of Common Pleas for Franklin County, Pennsylvania, to this Court, pursuant to 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 2679(d)(2), and/or 42 U.S.C. § 233(c), and states as follows:

A. **Prior Substitution, Removal and Dismissal of the United States of America in this Action**

1. On or about April 17, 2017, Plaintiffs Walter Dellinger, Jr. and Lori L. Dellinger (the "Dellingers") filed a complaint in the Court of Common Pleas for Franklin County, Pennsylvania, No. 2017-cv-1603 (the "State Action") against defendants Karli Richards, DPM, FACFAS, CWSP, Ganga Ramidi, MD, Richards Orthopaedic Center and Sports Medicine, LLC, The Chambersburg Hospital, Wound Center, and Summit Health.  See Order from Judge Kane on 10/31/17 (Doc. 8) in Case 1:17-cv-1537, Exhibit 1 hereto; see also Docket for MDPA Case 1:17-cv-1537 (Kane), Exhibit 2 hereto.  The Dellingers' claims relate to surgical procedures and the subsequent treatment of plaintiff Walter Dellinger's right foot in 2015 and 2016 at Chambersburg Hospital.  Id.

2. On August 28, 2017, the United States substituted itself as a defendant in place of Dr. Ganga Ramidi, one of the treating physicians, and removed the State Action to the United States District Court for the Middle District of Pennsylvania. Id.

3. On October 31, 2017, Judge Kane dismissed plaintiffs' claims against the United States for lack of subject matter jurisdiction due to the plaintiffs' failure to exhaust their administrative remedies, and remanded the remaining claims and parties to the Court of Common Pleas for Franklin County.  See Order from Judge Kane on 10/31/17 (Doc. 8) in Case 1:17-cv-1537, Exhibit 1 hereto.

2

**B.     Plaintiffs Are Now Time-Barred, But Defendants Filed a Third Party Joinder Complaint**

4.     On October 13, 2017, plaintiff Walter Dellinger submitted an administrative tort claim to the Department of Health & Human Services (HHS) claiming that Dr. Ramidi committed medical malpractice by failing to properly diagnose and treat his medical condition on November 18, 2015.  See Third party joinder complaint, Exhibit 3 hereto, at ¶¶ 13-17 and Exs. C and D.

5.     On February 22, 2018, HHS issued a "notice of final determination" denying plaintiff's administrative tort claim, and instructing that plaintiff has six (6) months to either file for reconsideration with HHS or suit in federal court against the United States.  Id.

6.     Following the final administrative denial, the plaintiff did not file suit against the United States or seek reconsideration, and the plaintiff's claims are now time-barred by the statute of limitations.   28 U.S.C. § 2401(b); Gordon v. Pugh, 235 Fed.Appx. 51, 53 (3d Cir. 2007); Seiss v. United States, 792 F. Supp. 2d 729, 732 (D.N.J. 2011); see also Robinson v. United States, 3:13-cv-1106, 2016 WL 4942069, at *6 (M.D.Pa. May 10, 2016) (Carlson, J.) (explaining that the plaintiff must both tender the claim to the agency within 2 years, and also proceed to court within 6 months after the agency denies the claim).

7.     On September 27, 2018, however, defendants Chambersburg Hospital and Summit Health filed a third party joinder complaint in the State Action against

Dr. Ganga Ramidi for contribution and indemnification.  <u>See</u> Third party joinder complaint and service, Exhibit 3 hereto.  The third party plaintiffs served their joinder complaint on or about October 9, 2018.

8. The third party joinder complaint does not assert new allegations against Dr. Ramidi, but incorporates plaintiffs' allegations against Dr. Ramidi and pleads claims for indemnification and contribution from Dr. Ramidi "[t]o the extent that the allegations of negligence against Ganga Ramidi, M.D. set forth in Plaintiffs' Amended Complaint are proven at the time of trial."  <u>Id.</u> at ¶¶ 18-21.

**C.    Another Substitution and Removal of the State Action is Required Due to the Joinder Complaint**

9. As already established in the prior federal action, the original defendant (now named as an additional defendant) Ganga Ramidi, MD, was an employee of Keystone Rural Health Center from September 3, 2013 through December 31, 2015, which includes the times relevant to the plaintiffs' allegations in this matter.  <u>See</u> Order from Judge Kane on 10/31/17 (Doc. 8) in Case 1:17-cv-1537, Exhibit 1 hereto; <u>see</u> <u>also</u> Plaintiffs' Amended Complaint, attached as Ex. B to the Third party joinder complaint, Exhibit 3 hereto.

10. As already established in the prior federal action, pursuant to the provisions of the Federally Supported Health Centers Assistance Act (FSHCA) of 1992, 42 U.S.C. § 233(g)-(n), the United States Department of Health and Human Services deemed Ganga Ramidi, MD a covered employee of the United States for

4

purposes of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq.* as result of her work for Keystone Rural Health Center.   See Declaration of Meredith Torres attached as Exhibit 4 hereto, at ¶¶ 5-6; see also Deeming Letters attached as Exhibit 5 hereto.

11.   The FSHCA extends FTCA coverage to the grantees that have been deemed covered under Section 233(h) and certain of its officers, employees, and contractors.

12.   Pursuant to the FSHCA and the Westfall Act, upon certification "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the State Action "shall be removed without bond at any time before trial" to the Middle District of Pennsylvania.   28 U.S.C. § 2679(d)(2); see also 42 U.S.C. § 233(c).

13.   On August 28, 2017, as part of the prior action, Kate L. Mershimer, Chief, Civil Division, United States Attorney's Office, certified that Ganga Ramidi, MD "was acting within the scope of her employment as an employee of the United States at all relevant times during which she provided medical treatment to Walter Dellinger, Jr."   See Certification attached as Exhibit 6 hereto.[1]

---

[1] The Attorney General has delegated certification authority to the United States Attorneys.   28 C.F.R. § 15.3.   In turn, the United States Attorney for the Middle District of Pennsylvania has delegated certification authority to the Chief of the Civil Division, United States Attorney's Office.

14. As result, the State Action is one which the United States may properly remove to this Court pursuant to subsection 28 U.S.C. § 1442(a)(1) because:

   (1) thirty days have not yet passed since receipt of the third-party complaint by Dr. Ramidi on or about October 9, 2018;

   (2) this joinder complaint is a civil action brought against an employee of the United States Government sued for an act under color of their federal office, because Ganga Ramidi, MD was acting within the scope of her employment as an employee of the United States when she was alleged to have provided negligent medical treatment to Walter Dellinger, Jr.; and

   (3) the third-party defendant possesses colorable federal defenses to the acts alleged in the third-party complaint, including lack of subject matter jurisdiction and sovereign immunity.

15. In addition, authority also exists for the United States to properly remove this action to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) because:

   (1) trial has not yet been had of this action;

   (2) this joinder complaint is a civil action brought against an employee of the United States Government;

   (3) proper certification has been provided pursuant to FSHCA and the Westfall Act that Ganga Ramidi, MD was acting within the scope of her employment as an employee of the United States when she was alleged to have provided negligent medical care or treatment to Walter Dellinger, Jr.

16. Moreover, "such action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2); 42 U.S.C. § 233(c);

6

see also Feaster v. Federal Bureau of Prisons, 366 F. App'x 322, 323 (3d Cir. 2010) ("The only proper defendant in an FTCA suit is the United States itself."); Zierke v. United States, 3:CV-14-0350, 2016 WL 1189399, at *4 (M.D.Pa. Mar. 22, 2016) ("All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. The only proper party in an FTCA action is the United States of America.") (citations omitted).

17.   Notice of Removal of this action will be provided to the Prothonotary of the Court of Common Pleas of Franklin County this day, November 2, 2018.

WHEREFORE, the United States respectfully give notice that the above-captioned matter is removed to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 2679(d)(2), and/or 42 U.S.C. § 233(c), and that the United States is substituted as the additional defendant in place of Ganga Ramidi, MD.

    Respectfully submitted,

    DAVID J. FREED
    United States Attorney

    s/ Samuel S. Dalke
    SAMUEL S. DALKE
    Assistant U.S. Attorney
    PA Bar No. 311803
    228 Walnut Street, 2nd Floor
    P.O. Box 11754
    Harrisburg, PA 17108-1754
    Tel: (717) 221-4482
    Fax: (717) 221-4493
    samuel.s.dalke@usdoj.gov

Date:   November 2, 2018

**DJF:SSD**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER DELLINGER, JR.** | : |
| **and LORI L. DELLINGER,** | : |
|     **Plaintiffs** | : |
| | : |
| **v.** | : |
| | : |
| **KARLI RICHARDS, RICHARDS** | : |
| **ORTHOPAEDIC CENTER AND** | : |
| **SPORTS MEDICINE, LLC, THE** | : |
| **CHAMBERSBURG HOSPITAL,** | : |
| **WOUND CENTER and SUMMIT** | : |
| **HEALTH,** | : |
|     **Defendants** | : |
| | : |
| **v.** | : |
| | : |
| **UNITED STATES OF AMERICA,** | : |
|     **Additional Defendant** | : |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 2nd day of November 2018, he served a copy of the foregoing

## NOTICE OF REMOVAL OF CIVIL ACTION

by e-mail and by placing a copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania:

Richard C. Angino, Esq.

Angino Law Firm
4503 N. Front Street
Harrisburg, PA 17110

Kevin Osborne, Esq.
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011

Michael Badowski, Esq.
Margolis Edelstein
3510 Trindle Road
Camp Hill, PA 17011

/s/ Samuel S. Dalke
SAMUEL S. DALKE
Assistant U.S. Attorney