DJF:SSD

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER DELLINGER, JR.** | **:** |
| **and LORI L. DELLINGER,** | **:** |
|      **Plaintiffs** | **:** |
| | **:** |
|     **v.** | **:** |
| | **:** |
| **KARLI RICHARDS, RICHARDS** | **:** |
| **ORTHOPAEDIC CENTER AND** | **:** |
| **SPORTS MEDICINE, LLC, THE** | **:** |
| **CHAMBERSBURG HOSPITAL,** | **:** |
| **WOUND CENTER and SUMMIT** | **:** |
| **HEALTH,** | **:** |
|     **Defendants** | **:** |
| | **:** |
|     **v.** | **:** |
| | **:** |
| **UNITED STATES OF AMERICA,** | **:** |
|     **Additional Defendant** | **:** |

_____

## EXHIBITS TO NOTICE OF REMOVAL
## OF CIVIL ACTION

_____

DAVID J. FREED
UNITED STATES ATTORNEY

Samuel S. Dalke
Assistant U.S. Attorney
Atty. I.D. #PA 311803
228 Walnut St, Suite 220
Harrisburg, PA 17101
Phone (717) 221-4482
samuel.s.dalke@usdoj.gov

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER DELLINGER, JR.,** | : | |
| **and LORI DELLINGER,** | : | |
|     **Plaintiffs** | : | **No. 1:17-cv-1537** |
| | : | |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **UNITED STATES OF AMERICA,** | : | |
| **KARLI RICHARDS, RICHARDS** | : | |
| **ORTHOPAEDIC CENTER AND** | : | |
| **SPORTS MEDICINE, LLC, THE** | : | |
| **CHAMBERSBURG HOSPITAL,** | : | |
| **WOUND CENTER and SUMMIT** | : | |
| **HEALTH,** | : | |
|     **Defendants** | : | |

## <u>ORDER</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

In April 2017, Plaintiffs Walter Dellinger, Jr. and Lori Dellinger filed this medical

malpractice action in the Court of Common Pleas of Franklin County against Defendants Karli

Richards, Ganga Ramidi, Richards Orthopaedic Center and Sports Medicine, LLC, the

Chambersburg Hospital, Wound Center and Summit Health, asserting claims arising out of a

surgical procedure on and subsequent treatment for Plaintiff Walter Dellinger's right foot at the

Chambersburg Hospital. (Doc. No. 1-1.)[1] On August 28, 2017, Defendant United States of

America ("United States"), substituted itself as a Defendant in place of Defendant Ganga

Ramidi, one of Plaintiff's treating physicians, and removed the action to this Court pursuant to

28 U.S.C. § 2679(d), which provides:

---

[1] In May 2017, Plaintiffs filed an amended complaint against the same Defendants. (Doc.
No. 1-1.)

1

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as a party defendant.

28 U.S.C. § 2679(d)(2); see also 42 U.S.C. § 233.

In accordance with the statutory framework described above, in its Notice of Removal and attached exhibits, the United States certified that Defendant Ganga Ramidi was an employee of the Keystone Rural Health Center at all times relevant to Plaintiffs' complaint, and that, pursuant to the provisions of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) ("FHSCA"), the United States Department of Health and Human Services had deemed her to be a covered employee of the United States for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA"). (Doc. No. 1-1, Exhibits B and C.)

Subsequently, on September 1, 2017, the United States filed a Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction. (Doc. No. 3.) On September 15, 2017, the United States filed a brief in support of its motion. (Doc. No. 5.) Plaintiffs filed a Response to Defendant's Motion to Dismiss (Doc. No. 4), and a Brief in Opposition to Defendant's Motion (Doc. No. 6). The United States filed a reply brief in further support of its motion on October 10, 2017. (Doc. No. 7.) Accordingly, the matter is ripe for disposition.

As an initial matter, the Court addresses the appropriate standard of review by which to assess a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). If a defendant's challenge to subject matter jurisdiction depends on a

facial attack of the pleadings, "the court must consider the allegations of the complaint as true,"
as it would with regard to a motion to dismiss pursuant to Federal Rule of Civil Procedure
12(b)(6). Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).
However, a motion that challenges "the existence of subject matter jurisdiction in fact, quite
apart from any pleadings," does not require a court to consider all allegations of the complaint as
true, and the court is free to weigh the evidence in an effort to ensure that it has power to hear the
case. Id. In such circumstances, the plaintiff bears the burden of proof that jurisdiction exists.
Id.

The United States moves for dismissal of the FTCA claims against it on the basis that this
Court lacks subject matter jurisdiction over Plaintiffs' claims against it because Plaintiffs have
failed to exhaust their administrative remedies as to their FTCA claims. As the pending motion
to dismiss presents a factual challenge to the Court's subject matter jurisdiction to hear
Plaintiffs' claims against the United States, the Court need not consider all allegations of the
complaint as true, and may review the evidence to ensure the Court's power to hear the case.
Mortensen, 549 F.2d at 891. Moreover, Plaintiff bears the burden of proof as to subject matter
jurisdiction. Id.

Plaintiffs oppose the motion to dismiss. Specifically, while they admit that they have not
filed an administrative tort claim with the United States Department of Health and Human
Services (Doc. No. 4 ¶ 9), Plaintiffs argue that Mr. Dellinger had no knowledge that he was
treated by an FTCA covered employee of the Keystone Rural Health Center while at the
Chambersburg Hospital, and thus, should be excused from the FTCA's exhaustion requirement
under the principle of ostensible agency (Doc. No. 6 at 4).

3

Upon careful review of the parties' briefs, the relevant cited authority, and the exhibits submitted, the Court finds that Plaintiffs have failed to meet their burden to establish this Court's subject matter jurisdiction over their claims against Defendant United States. A plaintiff must first present a claim to the responsible administrative agency for final decision before bringing a tort claim against the United States. 28 U.S.C. § 2675(a);[2] McNeil v. United States, 508 U.S. 106, 113 (1983) (holding that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The FTCA "provides a limited exception to the United States' immunity from suit for certain tort claims," but its requirement of exhaustion of administrative remedies must be met before a plaintiff can assert a tort claim against the federal government. Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011). As the Third Circuit has stated, "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, we have held that the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989)). Accordingly, pursuant to the above authority, the Court is without jurisdiction to address Plaintiffs' claims against the United States at this juncture, and therefore, the United States must

---

[2] The statute provides, in relevant part, that

An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death caused by the negligence or wrongful act or omission from any employee of the Government while acting within the scope of his office or employment unless the plaintiff shall have first presented the claim to the appropriate federal agency and the claim shall have been denied by the agency.

28 U.S.C. § 2675(a).

4

be dismissed without prejudice from this action.  See Abulkhair, 413 F. App'x at 506 (finding

that district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to

exhausting administrative remedies); Accolla v. United States, 369 F. App'x 408, 409 (3d Cir.

2010) (same).

Further, as the FTCA claims against the United States provided the sole basis for this

Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over

Plaintiffs' state law claims against the remaining Defendants, and will remand the case to the

Court of Common Pleas of Franklin County.  See 28 U.S.C. § 1367(c)(3) (providing that a

district court may decline to exercise supplemental jurisdiction over a claim if "the district court

has dismissed all claims over which it has original jurisdiction").

**ACCORDINGLY**, on this 31st day of October 2017, **IT IS ORDERED THAT**:

1,      The United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction
        (Doc. No. 3), is **GRANTED**;

2.      The United States is **DISMISSED WITHOUT PREJUDICE** from this action;
        and

3.      The Clerk of Court is directed to **REMAND** the case to the Court of Common
        Pleas of Franklin County and **CLOSE** this case.

        s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

# Exhibit 2

**LexisNexis® CourtLink®**

**Single Search - with Terms and Connectors**

Enter keywords - Search multiple dockets & documents | **Search** | Info

| My CourtLink | Search | Dockets & Documents | Track | Alert | Strategic Profiles | Breaking Complaints | My Account | Court Info |

🔍  **Search** > **Docket Search** > Dellinger et al v. United States of America et al

[ New Docket Search ]  [ Search in Same Court ]

**Docket Tools**

| [ Get Updated Docket ] | [ Track Docket Activity ] | [ Search for Similar ] | [ Set Alert for Similar Dockets ] |
|---|---|---|---|
| This docket was retrieved from the court on 8/28/2017 | CourtLink can alert you when there is new activity in this case | Start a new search based on the characteristics of this case | CourtLink alerts you when there are new cases that match characteristics of this case |

[Add to My Briefcase]
[Email this Docket]
[Printer Friendly Format]

Rulings for this case may be available online. **Click here to view available rulings.**

Additional resources for cases like this may be found in our LexisNexis Practice Area communities.

**Docket**

### US District Court Civil Docket

#### U.S. District - Pennsylvania Middle
#### (Harrisburg)

#### 1:17cv1537

#### Dellinger et al v. United States of America et al

**This case was retrieved from the court on Monday, August 28, 2017**

[ Update Now ]

| | |
|---|---|
| **Date Filed:** 08/28/2017 | |
| **Assigned To:** Honorable Yvette Kane | |
| **Referred To:** | |
| **Nature of suit:** Taxes (870) | **Class Code:** CLOSED |
| **Cause:** Federal Tort Claims Act | **Closed:** 10/31/2017 |
| **Lead Docket:** None | **Statute:** 28:2671 |
| **Other Docket:** Franklin County Court of Common Pleas, 17-01537 | **Jury Demand:** Plaintiff |
| | **Demand Amount:** $0 |
| **Jurisdiction:** U.S. Government Defendant | **NOS Description:** Taxes |

| Litigants | Attorneys |
|---|---|
| Walter Dellinger, Jr.<br>Plaintiff | Richard C. Angino<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Angino & Lutz, P.C.<br>4503 N. Front St<br>Harrisburg , PA  17110<br>USA<br>717-238-6791<br>Email:Rca@anginolaw.Com |
| Lori L. Dellinger<br>Plaintiff | Richard C. Angino<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Angino & Lutz, P.C.<br>4503 N. Front St<br>Harrisburg , PA  17110<br>USA<br>717-238-6791<br>Email:Rca@anginolaw.Com |
| United States of America<br>Defendant | Samuel S. Dalke<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>U.S. Attorney's Office, MDPA -- SS CASES<br>228 Walnut Street, Suite 220<br>P.O. Box 11754<br>Harrisburg , PA  17108<br>USA<br>717-221-4453<br>Email:Samuel.S.Dalke@usdoj.Gov |
| Karli Richards | |

Defendant
Richards Orthopaedic Center And Sports Medicine, Llc
Defendant
The Chambersburg Hospital, Wound Center
Defendant
Summit Health
Defendant

**Documents**

| Retrieve Document(s) | Send to TimeMap |
|---|---|

| | | | | Items 1 to 8 of 8 | | |
|---|---|---|---|---|---|---|
| ☐ | **Availability** | **No.** | **Date** | **Proceeding Text** [  ] [Filter] | | **Source** |
| ☐ | Online | 1 | 08/28/2017 | NOTICE OF REMOVAL by United States of America from Franklin County Court of Common Pleas, case number 17-CV-1603. ( Filing fee $ 400 ), filed by United States of America. (Attachments: # 1 Exhibit(s), # 2 Civil Cover Sheet)(aaa) (Entered: 08/28/2017) | | |
| ☐ | Online | 2 | 08/30/2017 | Letter addressed to counsel, Re: Case Assignment and Procedures. Signed by Honorable Yvette Kane on 8/30/17. (rw) (Entered: 08/30/2017) | | Events since last full update |
| ☐ | Online | 3 | 09/01/2017 | MOTION to Dismiss for Lack of Jurisdiction by United States of America. (Attachments: # 1 Proposed Order, # 2 Certificate of Nonconcurrence, # 3 Exhibit(s))(Dalke, Samuel) (Entered: 09/01/2017) | | Events since last full update |
| ☐ | Online | 4 | 09/13/2017 | Plaintiff's ANSWER to Petition for Removal of Defendant United States of America by Lori L. Dellinger, Walter Dellinger, Jr.(Angino, Richard) (Entered: 09/13/2017) | | Events since last full update |
| ☐ | Online | 5 | 09/15/2017 | BRIEF IN SUPPORT re 3 MOTION to Dismiss for Lack of Jurisdiction filed by United States of America. (Attachments: # 1 Unpublished Opinion(s))(Dalke, Samuel) (Entered: 09/15/2017) | | Events since last full update |
| ☐ | Online | 6 | 09/25/2017 | RESPONSE in Opposition re 3 MOTION to Dismiss for Lack of Jurisdiction , filed by Lori L. Dellinger, Walter Dellinger, Jr. Related document: 3 MOTION to Dismiss for Lack of Jurisdiction filed by United States of America. (Angino, Richard) (Entered: 09/25/2017) | | Events since last full update |
| ☐ | Online | 7 | 10/10/2017 | REPLY BRIEF re 3 MOTION to Dismiss for Lack of Jurisdiction filed by United States of America.(Dalke, Samuel) (Entered: 10/10/2017) | | Events since last full update |
| ☐ | Online | 8 | 10/31/2017 | ORDER REMANDING CASE -IT IS ORDERED that 1. The United States Motion 3 to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED; 2. The United States is DISMISSED WITHOUT PREJUDICE from this action; and 3. The Clerk of Court is directed to REMAND the case to the Court of Common Pleas of Franklin County and CLOSE this case. Signed by Honorable Yvette Kane on 10/31/17. (rw) (Entered: 10/31/2017) | | Events since last full update |
| | | | | Items 1 to 8 of 8 | | |

| Retrieve Document(s) | Send to TimeMap |
|---|---|

**Dockets may include case events that have occurred since the docket was last updated. For a comprehensive view of the case events, please update the docket**

| New Docket Search | Search in Same Court |
|---|---|

# Exhibit 3

# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM

A  PROFESSIONAL  CORPORATION
100 Corporate Center Drive, Suite 201, Camp Hill, PA 17011
(717) 651-3500  Fax (717) 651-3707

Direct Dial:  (717) 651-3713
Email:  keosborne@mdwcg.com

| PENNSYLVANIA | OHIO |
|---|---|
| Allentown | Cincinnati |
| Doylestown | Cleveland |
| Erie | |
| Harrisburg | FLORIDA |
| King of Prussia | Ft. Lauderdale |
| Philadelphia | Jacksonville |
| Pittsburgh | Orlando |
| Scranton | Tampa |
| NEW JERSEY | NEW YORK |
| Mount Laurel | Long Island |
| Roseland | New York City |
| | Westchester |
| DELAWARE | |
| Wilmington | |

October 3, 2018

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Ganga Ramidi, M.D.
c/o St. Elizabeth Physicians
Infectious Disease Crestview Hills
651 Centre View  Boulevard
Crestview Hills, KY  41017

> **RE:**   **Dellinger, Jr. Walter v. Chambersburg Hospital and Summit Health**
> **Claim No.:**   **03161**
> **Docket No.:**   **2017-1603**
> **Our File No.: 03161.00329**

Dear Dr. Ramidi:

Enclosed please find a true and correct copy of the Complaint to Join you as an Additional Defendant filed with the Franklin County Court of Common Pleas on September 27, 2018.

Please note that a response is due within twenty (20) days.

Your attention to this matter is appreciated.

Very truly yours,

Kevin E. Osborne

KEO/jkw
Enclosure

cc:    Michael M. Badowski, Esquire – via email:  mbadowski@margolisedelstein.com
       Richard C. Angino, Esquire – via email:  rca@anginolaw.com

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: Kevin E. Osborne, Esquire
PA Attorney I.D. No. 34991
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
Telephone: (717) 651-3713
keosborne@mdwcg.com
*Attorney for Defendants, The Chambersburg Hospital and Summit Health*

| | |
|---|---|
| WALTER E. DELLINGER, JR. AND LORI L. DELLINGER, | : IN THE COURT OF COMMON PLEAS OF<br>: FRANKLIN COUNTY, PENNSYLVANIA |
| Plaintiffs | : |
| | : JUDGE: |
| v. | : |
| | : NO. 2017-1603 |
| KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, M.D.; | : |
| | : CIVIL ACTION |
| RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL; WOUND CENTER, and SUMMIT HEALTH, | : |
| | : MEDICAL PROFESSIONAL LIABIITY<br>: ACTION |
| Defendants | JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

TO:   GANGA RAMIDI, M.D.

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

TIMOTHY S. SPONSELLER **PROTHONOTARY**

FRANKLIN COUNTY BAR ASSOCIATION
FIND A LAWYER SERVICE
100 LINCOLN WAY EAST, SUITE E
CHAMBERSBURG, PA 17201
717-660-2118

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

BY: _____

Kevin E. Osborne, Esquire
*Attorney for Defendants*
*The Chambersburg Hospital and Summit Health*

Date: __9/25/18__

2

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By:  Kevin E. Osborne, Esquire
PA Attorney I.D. No. 34991
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone:  (717) 651-3713
keosborne@mdwcg.com
*Attorney for Defendants, The Chambersburg Hospital and Summit Health*

| | |
|---|---|
| WALTER E. DELLINGER, JR. AND LORI L. DELLINGER, <br>        Plaintiffs <br><br> v. <br><br> KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, M.D.; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL; WOUND CENTER, and SUMMIT HEALTH, <br>        Defendants <br><br> v. <br><br> GANGA RAMIDI, M.D., <br>        Additional Defendant. | : IN THE COURT OF COMMON PLEAS OF <br> : FRANKLIN COUNTY, PENNSYLVANIA <br> : <br> : JUDGE: <br> : <br> : NO. 2017-1603 <br> : <br> : CIVIL ACTION <br> : <br> : MEDICAL PROFESSIONAL LIABIITY <br>    ACTION <br><br>    JURY TRIAL DEMANDED |

## COMPLAINT TO JOIN ADDITIONAL DEFENDANT GANGA RAMIDI, M.D.

AND NOW come Defendants, The Chambersburg Hospital and Summit Health, by and through their counsel, Kevin E. Osborne, Esquire, and Marshall Dennehey Warner Coleman & Goggin and file the following Complaint to Join Additional Defendant Ganga Ramidi, M.D., asserting and setting forth as follows:

1.     Plaintiffs Walter E. Dellinger, Jr. and Lori L. Dellinger ("Plaintiffs") filed a Complaint with the Court of Common Pleas of Franklin County on April 17, 2017 to which they

attached Certificates of Merit.  Attached hereto and marked as Exhibit "A" is a true and correct copy of Plaintiffs' Complaint and Certificates of Merit (No. 2017-1603).

2.     The medical negligence action arises out of surgical procedures and subsequent treatment of Plaintiff Walter E. Dellinger, Jr.'s right foot in 2015 and 2016 at The Chambersburg Hospital.  See Plaintiffs' Complaint.

3.     Additional Defendant, Ganga Ramidi, M.D. is a licensed physician and who was authorized to practice medicine in the Commonwealth of Pennsylvania at the time of Mr. Dellinger's relevant medical care.

4.     Upon stipulation of counsel, Plaintiffs filed an Amended Complaint on or about May 24, 2017 to which they again attached Certificates of Merit.  Attached hereto and marked as Exhibit "B" is a true and correct copy of Plaintiffs' Amended Complaint and Certificates of Merit (No. 2017-1603).

5.     In the Amended Complaint, Plaintiff Walter E. Dellinger, Jr. asserted a claim of professional liability against Co-defendants Karli Richards, DPM, FACFAS, CWSP and Richard Orthopaedic Center and Sports Medicine and attached supporting Certificates of Merit as Exhibits "A" and "C" to the Complaint.  *See* Plaintiffs' Amended Complaint, at ¶¶2,4, 21-22, 25-27.

6.     In the Amended Complaint, Plaintiff Walter E. Dellinger, Jr. asserted a claim of professional liability against Ganga B. Ramidi, M.D. and attached a supporting Certificate of Merit as Exhibit "B" to the Complaint.  *See* Plaintiffs' Amended Complaint, at ¶¶3, 23-24.

7.     In the Amended Complaint, Plaintiff Walter E. Dellinger, Jr. asserted a claim of professional liability against The Chambersburg Hospital and Summit Health and attached a

supporting Certificate of Merit as Exhibit "D" to the Complaint. *See* Plaintiffs' Amended Complaint, at ¶¶5-6, 28-31.

8.     In the Amended Complaint, Plaintiffs allege that Defendants, The Chambersburg Hospital and Summit Health, are vicariously liable "through their agents, employees, and ostensible agents, Defendant Ramidi and any other individual involved in the care of Mr. Dellinger as set forth in paragraphs 1-27" of the Amended Complaint. *See* Plaintiffs' Amended Complaint, at ¶29.

9.     In the Amended Complaint, Plaintiffs allege that Defendants, The Chambersburg Hospital and Summit Health, are "vicariously liable for the negligence and malpractice of Defendant Ramidi in failing to appropriately recommend the appropriate antibiotic, treatment course, and prescribing same resulting in multiple surgical procedures and pain endured by Mr. Dellinger." *See* Plaintiffs' Amended Complaint, at ¶30; *see also* Plaintiffs' Amended Complaint, at ¶31 .

10.     On August 28, 2017, Defendant United States of America ("United States") substituted itself as a Defendant in place of Defendant Ganga Ramidi, M.D. and removed the action to the United States District Court for the Middle District of Pennsylvania.

11.     On September 1, 2017, the United States filed a Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction arguing that the Plaintiffs had failed to exhaust their administrative remedies as to their Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2401(b), 2671-80 , claims.

12.     The Honorable Yvette Kane, District Judge of the United States District Court Middle District of Pennsylvania granted the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, dismissed the United States without prejudice, and directed the Clerk

of Court to remand the case to the Court of Common Pleas of Franklin County and Close the case.

13.     On October 13, 2017, Plaintiffs filed an administrative tort claim under the Federal Tort Claims Act ("FTCA") on behalf of Walter E. Dellinger, Jr. alleging, *inter alia*, that on November 18, 2015, Dr. Ganga Ramidi and Keystone Rural Health Center, located in Chambersburg Hospital, Pennsylvania, committed medical malpractice by failing to properly diagnose and treat Mr. Dellinger's medical condition.  A copy of Plaintiffs' Administrative tort claim (w/o exhibits) is attached hereto as Exhibit "C".

14.     Via letter stamped February 22, 2018, the Department of Health and Human Services provided notice of the final determination denying the administrative claim filed by Walter E. Dellinger, Jr.  *See* Department of Health and Human Services letter stamped February 22, 2018, attached as Exhibit "D".

15.     According to USPS Tracking, the HHS letter was mailed on February 22, 2018 and was delivered in Harrisburg, PA on February 27, 2018.  A true and correct copy of USPS Tracker is attached as Exhibit "D."

16.     Via the letter notice stamped February 22, 2018, the Department of Health and Human Services reported to Plaintiff that "the evidence fails to establish that the alleged injuries were due to the negligent or wrongful at or omission of a federal employee acting within the scope of employment." *See* Department of Health and Human Services letter stamped February 22, 2018.

17.     To date, Plaintiffs have failed to file a written request with the Department of Health and Human Services for reconsideration of the final determination denying the claim or filed suit against the United States in the appropriate federal district court.

### Count I

18.    Defendants, The Chambersburg Hospital and Summit Health, incorporate by reference the allegations in Plaintiffs' Amended Complaint, although denied, as if same were set forth at length herein.

19.    Defendants, The Chambersburg Hospital and Summit Health, expressly deny that Plaintiffs are entitled to the relief requested against the Defendants.

20.    To the extent that the allegations of negligence against Ganga Ramidi, M.D. set forth in Plaintiffs' Amended Complaint are proven at the time of trial, said allegations being specifically denied, Defendants, The Chambersburg Hospital and Summit Health, hereby plead claims for indemnification and contribution from the Additional Defendant Ganga Ramidi, M.D.

21.    As these matters concern the practice of healthcare by licensed professionals, the demand of Defendant Ganga Ramidi, M.D. for contribution and/or indemnity constitutes a professional liability claim as contemplated under the rules governing professional liability actions.

WHEREFORE, Defendants, The Chambersburg Hospital and Summit Health, request indemnification and/or contribution from the Additional Defendant Ganga Ramidi, M.D. for any sums that may be recovered by the Plaintiffs in this action.

Respectfully Submitted,

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

BY: _____
Kevin E. Osborne, Esquire
I.D. No. 34991
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Attorney for Defendant

Date: 9/25/18

**VERIFICATION**

Kimberly Rzomp., Vice President and Chief Financial Officer of Summit Health, verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

SUMMIT HEALTH

By: _____
Kimberly Rzomp, V.P., C.F.O.

## VERIFICATION

Nancy B. Probst, R.N., V.P. for The Chambersburg Hospital, verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.  The undersigned understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

THE CHAMBERSBURG HOSPITAL

By: _____
       Nancy B. Probst, R.N., V.P      9/23/18

## CERTIFICATE OF COMPLAINCE

I certified that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Defendants The Chambersburg

Hospital Wound Center, and Summit Health

Signature: _Kevin 9 Osborne_

Name: Kevin E. Osborne, Esquire

Attorney No. (if applicable): 34991

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Joinder*

*Complaint* has been served upon the following known counsel and parties of record this 26th

day of September, 2018 via United States First-Class Mail, postage prepaid:

Richard A. Angino, Esquire
Angino Law Firm, P.C.
4503 North Front Street
Harrisburg, PA  17101-1708
*Attorney for Plaintiff*

Michael Badowski, Esquire
Margolis Edelstein
3510 Trindle Road
Camp Hill, PA  17011
*Attorney for Co-Defendants*

*Ganga Ramidi, M.D.*
c/o St. Elizabeth Physicians
Infectious Disease Crestview Hills
651 Centre View Boulevard
Crestview Hills, KY 41017
(via certified mail, return receipt requested and ordinary mail).

Jessie K. Walsh

# EXHIBIT "A"

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND LORI L. DELLINGER<br>    Plaintiffs | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PA |
| v. | NO. |
| KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH<br>    Defendants | CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, come the Plaintiffs, Walter E. Dellinger, Jr and Lori L. Dellinger, by and

through their attorney, Richard C. Angino, Angino Law Firm, P.C., and file their Complaint

alleging as follows:

## PARTIES

1.     Plaintiffs, Walter E. Dellinger, Jr (hereinafter, "Mr. Dellinger")and Lori L.

Dellinger (hereinafter, "Mrs. Dellinger") are adult individuals who reside in Fayetteville,

Franklin County, Pennsylvania.

2.     Defendant, Karli Richards, DPM. FACFAS, CWSP (hereinafter "Defendant

Richards"), is currently and was at all times relevant to this Complaint, a physician specializing

in orthopaedics and orthopaedic surgery. Defendant Richards is licensed to practice medicine in

the Commonwealth of Pennsylvania. At all times relevant to this Complaint, she regularly practiced in Franklin County, Pennsylvania, where she operated out of Richards Orthopaedic Center and Sports Medicine (hereinafter "Richards Orthopaedic") and the Wound Center at Chambersburg Hospital. Currently, Defendant Richards regularly practices in Franklin County, Pennsylvania, where she operates out of Richards Orthopaedic Center and Sports Medicine and the Wound Center at Chambersburg Hospital. Plaintiffs are asserting professional liability claims against Defendant Richards. A Certificate of Merit is attached hereto as **"Exhibit A."**

3.      Defendant, Ganga B. Ramidi, MD (hereinafter "Defendant Ramidi"), was at all times relevant to this Complaint, a physician specializing in internal medicine and infectious disease. Defendant Ramidi at the time of the incident was licensed to practice medicine in the Commonwealth of Pennsylvania. At all times relevant to this Complaint, she regularly practiced in Franklin County, Pennsylvania, where she practiced at The Chambersburg Hospital (hereinafter "Chambersburg Hospital"). Currently, Defendant Ramidi has no active license in the Commonwealth of Pennsylvania. Plaintiffs are asserting professional liability claims against Defendant Ramidi. A Certificate of Merit is attached hereto as **"Exhibit B."**

4.      Defendant Richards Orthopaedic Center and Sports Medicine, LLC is a professional company with offices located at 144 S 8th St, Chambersburg, PA 17201. A Certificate of Merit is attached hereto as **"Exhibit C."**

5.      Defendant The Chambersburg Hospital is a corporate institution with medical facilities and offices located at 112 North Seventh Street, Chambersburg, Franklin County, Pennsylvania. A Certificate of Merit is attached hereto as **"Exhibit D."**

6.      Defendant Summit Health is a business entity operating The Chambersburg Hospital and Wound Center with offices located at 112 North Seventh Street, Chambersburg, Franklin County, Pennsylvania.

4

573984

## FACTS

7.      On July 15, 2015, Mr. Dellinger had a surgical procedure on his right foot and ankle for severe osteoarthrosis with associated deformity and pain. The surgical procedure was called a right ankle and subtalar joint fusion utilizing an IM locking nail. The surgery was performed at Chambersburg Hospital.

8.      On August 31, 2015, Mr. Dellinger presented to Dr. Richards with complaints of "drainage" from his heel. Defendant Richards diagnosed, "wound dehiscence to the posterior calcaneal incision site with deep fibrous tissue and incurvated skin".

9.      Between September, 2015 and early November, 2015 the dehisced wound waxed and waned a bit as documented by Defendant Richards at both Richards Orthopaedic and the Wound Center.

10.     On November 10, 2015, Mr. Dellinger presented to Defendant Richards at the Wound Center with, "increased drainage and pain to the right heel". Defendant Richards diagnosed, "right posterior heel wound with possible infection and complicated postoperative wound". A culture was obtained and Mr. Dellinger was started on antibiotics of Cipro and Clindamycin. The culture revealed no bacterial growth.

11.     On November 13, 2015, Mr. Dellinger presented to the Wound Center for followup evaluation and treatment. At this evaluation, the "right heel posterior incision site remains dehisced, consisting of fibrogranular tissue and exposed tendo Achilles. The aforementioned area of dehiscence does probe deep, reaching the underlying osseous and retained hardware. There is a peri-wound cellulitis, not ascending. Increased tenderness along the area of dehiscence is noted." Mr. Dellinger was advised to complete his antibiotics of Cipro and Clindamycin.

5

12.     On November 18, 2015, Mr. Dellinger was admitted to Chambersburg Hospital for right heel cellulitis and possible abscess. In the history and physical Defendant Richards writes, "I did contact Dr. Ramidi and got her recommendations as well. She did also recommend admission for IV antibiotic therapy and surgical washout." Mr. Dellinger did undergo an operative procedure which included a right posterior heal bone biopsy, right heel culture, hardware removal from the posterior calcaneus, exploration of plantar right heel and wash out of posterior right heel. The operative report indicates the need for six (6) weeks of IV antibiotic therapy secondary to infection and possible osteomyelitis.

13.     On or about November 18, 2015, Mr. Dellinger was seen by Defendant Ramidi at Chambersburg Hospital post-surgery.    Defendant Ramidi recommended, "empiric broad spectrum antibiotics with IV Vancomycin…and IV Cefepime…for gram positive coverage including Methicillin Resistant Staph Aureus (MRSA) and gram negative coverage including pseudomonas."

14.     On November 20, 2015, Mr. Dellinger was discharged from Chambersburg Hospital on IV Vancomycin via PICC line with antibiotic management by infectious disease and follow-up at the Wound Center.

15.     On December 18, 2015, IV Vancomycin was discontinued due to a rash. Mr. Dellinger was subsequently placed on oral Doxycycline.

16.     On January 27, 2016, an abscess on Mr. Dellinger's right lateral foot was noted and drainage was cultured and grew MRSA with the same antibiotic sensitivity profile as previously cultured.

17.     On February 21, 2016,  Mr. Dellinger underwent a third operation to remove all the remaing hardware from his ankle. Intravenous antibiotic of Teflaro (Ceftaoline) was started.

6

18.     On March 24, 2016, Mr. Dellinger was noted to have persistent delayed healing of the wounds of his right heel and foot.

19.     On June 6, 2016, Mr. Dellinger's "right ankle wounds were one hundred (100) percent healed. There was no evidence of infection. Radiographic studies completed revealed valgus deformity of the right ankle secondary to loss of lateral talus height from previous bone infection. No evidence of acute infection on x-ray."

20.     On July 14, 2016, Mr. Dellinger presented to Chambersburg Hospital Emergency with a right leg infection. Blood cultures obtained resulted with MRSA. Radiology reports revealed changes of probable osteomyelitis of the right calcaneus, talus, and lateral malleolus ankle bones. Intravenous antibiotics of Teflaro were again started and Mr. Dellinger was referred to another facility for evaluation and treatment.

## COUNT I - NEGLIGENCE

### Walter E. Dellinger, Jr v. Dr. Karli Richards, DPM

21.     Paragraphs 1 through 20 are incorporated herein as if set forth at length.

22.     Plaintiffs' damages were the result of the negligent, careless, and substandard care provided to Mr. Dellinger by Defendant Richards, as follows:

   a)   failure to recognize that Mr. Dellinger was not healing properly at the time of his follow-up visits which resulted in multiple surgical procedures;

   b)   failure to properly manage the post-operative ankle infection which resulted in multiple surgical procedures;

   c)   failure to properly manage the post-operative ankle infection which resulted in increased pain;

   d)   failure to prescribe sufficient antibiotic coverage to treat Mr. Dellinger's MRSA infection resulting in multiple surgical procedures

7

WHEREFORE, Plaintiff Walter E. Dellinger, Jr demands judgment in his favor and against Defendant Joseph Esposito, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT II - NEGLIGENCE

### Walter E. Dellinger, Jr v. Ganga B. Ramidi, MD

23.     Paragraphs 1 through 22 are incorporated herein as if set forth at length.

24.     Plaintiffs' damages were the result of the negligent, careless, and substandard care provided to Mr. Dellinger by Defendant Ramidi, as follows:

a)     failure to recommend sufficient antibiotic coverage to treat Mr. Dellinger's MRSA infection resulting in multiple surgical procedures;

b)     failure to recommended antibiotic treatment duration to eradicate the MRSA infection which resulted in multiple surgical procedures;

c)     failure to properly manage the post-operative ankle infection which resulted in increased pain;

d)     failure to prescribe sufficient antibiotic coverage to treat Mr. Dellinger's MRSA infection resulting in multiple surgical procedures

WHEREFORE, Plaintiff Walter E. Dellinger, Jr demands judgment in his favor and against Defendant Joseph Esposito, M.D., in an amount in excess of Fifty Thousand   Dollars ($50,000.00), exclusive of costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT III – VICARIOUS LIABILITY

### Walter E. Dellinger, Jr v. Richards Orthopaedics and Sports Medicine, LLC

25.     Paragraphs 1 through 24 are incorporated herein as if set forth at length.

8

573984

26.     Plaintiffs' damages were the result of the negligent, careless, and substandard care provided to Mr. Dellinger by Defendant Richards Orthopaedics through their agents, employees, and ostensible agents, Defendant Richards and any other individual involved in the care of Mr. Dellinger as set forth in paragraphs 1-24 above.

27.     Defendant Richards Orthopaedics is vicariously liable for the negligence and malpractice of Defendant Richards in failing to recognize the delay in healing, treat the infection with proper antibiotic coverage, treat for an appropriate time period to avoid multiple surgical procedures and pain endured by Mr. Dellinger.

28.     Defendant Richards Orthopaedics employees conduct was outrageous entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Walter E. Dellinger, Jr demands judgment in his favor and against Defendant Richards Orthopaedics and Sports Medicine, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT IV – VICARIOUS LIABILITY

### Walter E. Dellinger, Jr v. The Chambersburg Hospital, Wound Center, and Summit Health

29.     Paragraphs 1 through 28 are incorporated herein as if set forth at length.

30.     Plaintiffs' damages were the result of the negligent, careless, and substandard care provided to Mr. Dellinger by Defendant Chambersburg Hospital, Wound Center, and Summit Health through their agents, employees, and ostensible agents, Defendant Ramidi and any other individual involved in the care of Mr. Dellinger as set forth in paragraphs 1-28 above.

31.     Defendant Chambersburg Hospital, Wound Center, and Summit Health is vicariously liable for the negligence and malpractice of Defendant Ramidi in failing to

9

appropriately recommend the appropriate antibiotic, treatment course and prescribing same resulting in multiple surgical procedures and pain endured by Mr. Dellinger.

32.    Defendant Chambersburg Hospital, Wound Center and Summit Health is vicariously liable for failing to maintain minimum standard infection control practices in caring for Mr. Dellinger throughout his treatment course at the Wound Center including hyperbaric therapy.

33.    Defendant Chambersburg Hospital, Wound Center and Summit Health employees conduct was outrageous entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Walter E. Dellinger, Jr demands judgment in his favor and against Defendant Chambersburg Hospital, Wound Center and Summit Health in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## CLAIM I – DAMAGES

### WALTER E. DELLINGER, JR v. KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH

34.    Paragraphs 1 through 33 are incorporated herein as if set forth at length.

35.    As a result of the Defendants' negligence as alleged above, Mr. Dellinger was forced to incur medical expenses, and will continue to incur medical expenses in an amount unknown at this time, for surgical treatment, medical treatment, medications, and other similar expenses in an attempt to restore himself to health, and claims are made therefor.

36.    Plaintiff, Mr. Dellinger was covered by Medicare Part A. Notification has been provided to Medicare. The subrogation amount is unknown at this time; however, claims are made therefor.

10

37.   As a result of the Defendants' negligence as alleged above, Mr. Dellinger experienced pain, suffering, humiliation, disfigurement, loss of life's pleasures and enjoyment, limitation, and mental anguish, and claims are made therefor.

38.   Defendants are liable to Walter E. Dellinger, Jr. for the damages set forth herein.

WHEREFORE, Plaintiff Walter E. Dellinger, Jr. demands judgment in his favor and against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

## CLAIM II - LOSS OF CONSORTIUM

### LORI L. DELLINGER v. KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH

39.   Paragraphs 1 through 38 are incorporated herein as if set forth at length.

40.   As a result of the injuries sustained by her husband, Plaintiff Lori L. Dellinger has suffered a loss of: the care, custody, society, consortium, services, and companionship of her husband, Walter E. Dellinger, Jr., all of which losses are to her detriment, and claims are made therefor.

WHEREFORE, Plaintiff Lori L. Dellinger demands judgment in her favor and against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

Respectfully submitted,

ANGINO LAW FIRM, P.C.

Date: April 10, 2017

by: _____
Richard C. Angino, Esquire
I.D. No. 07140

11

573984

4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Counsel for Plaintiff

12

573984

## VERIFICATION

I, Walter E. Dellinger, Plaintiff, have read the foregoing Complaint and do hereby swear or affirm that the facts set forth in the foregoing are true and correct to the best of my knowledge, information and belief. I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
Witness

Date: April 12, 2017

Walter E. Dellinger, Jr.

Date: April 12, 2017

13

573984

## VERIFICATION

I, Lori L. Dellinger, Plaintiff, have read the foregoing Complaint and do hereby swear or affirm that the facts set forth in the foregoing are true and correct to the best of my knowledge, information and belief.  I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
Witness

Date: April 12, 2017

_____
Lori L. Dellinger

Date: April 12, 2017

14

573984

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND LORI L. DELLINGER<br>    Plaintiffs<br><br>v.<br><br>KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH<br>    Defendants | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PA<br><br>NO.<br><br>CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

### Certificate of Merit as to Karli Richards, DPM. FACFAS, CWSP

I, Richard C. Angino, certify that:

(X) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

( ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

( ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: April 12, 2017

Richard C. Angino, Esquire

**EXHIBIT A**

15

573984

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND<br>LORI L. DELLINGER<br>    Plaintiffs<br><br>v.<br><br>KARLI RICHARDS, DPM, FACFAS,<br>CWSP; GANGA RAMIDI, MD;<br>RICHARDS ORTHOPAEDIC CENTER<br>AND SPORTS MEDICINE, LLC; THE<br>CHAMBERSBURG HOSPITAL,<br>WOUND CENTER and SUMMIT<br>HEALTH<br>    Defendants | IN THE COURT OF COMMON PLEAS<br>FRANKLIN COUNTY, PA<br><br>NO.<br><br>CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

**Certificate of Merit as to Ganga B. Ramidi, MD**

I, Richard C. Angino, certify that:

(X) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

( ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

( ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: April 12, 2017

Richard C. Angino, Esquire

**EXHIBIT B**

16

573984

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND LORI L. DELLINGER<br>    Plaintiffs<br><br>v.<br><br>KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH<br>    Defendants | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PA<br><br>NO.<br><br>CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

### Certificate of Merit as to Richards Orthopaedic Center and Sports Medicine, LLC

I, Richard C. Angino, certify that:

( ) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

(X) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

( ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: April 12, 2017

_____
Richard C. Angino, Esquire

**EXHIBIT C**

17

5739/B4

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND<br>LORI L. DELLINGER<br>     Plaintiffs<br><br>v.<br><br>KARLI RICHARDS, DPM, FACFAS,<br>CWSP; GANGA RAMIDI, MD;<br>RICHARDS ORTHOPAEDIC CENTER<br>AND SPORTS MEDICINE, LLC; THE<br>CHAMBERSBURG HOSPITAL,<br>WOUND CENTER and SUMMIT<br>HEALTH<br>     Defendants | IN THE COURT OF COMMON PLEAS<br>FRANKLIN COUNTY, PA<br><br>NO.<br><br>CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

**Certificate of Merit as to The Chambersburg Hospital, Wound Center and Summit Health**

I, Richard C. Angino, certify that:

( ) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

(X) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

( ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: April 12, 2017

_____
Richard C. Angino, Esquire

**EXHIBIT D**

18

573984

# EXHIBIT "B"

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND LORI L. DELLINGER<br><br>     Plaintiffs<br><br>v.<br><br>KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH<br><br>    Defendants | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PA<br><br>NO.<br><br>CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PENNSYLVANIA LAWYER REFERRAL SERVICE
PENNSYLVANIA BAR ASSOCIATION
100 SOUTH STREET
P.O. Box 186
Harrisburg, PA 17108
800/692-7375

## AVISO

USTED HA SIDO DEMANDADO/A EN CORTE.   Si usted desea defenderse de las demandas que se persentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a , las demandas presentadas aquí en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional.  Used puede perder dinero o propiedad u otros derechos importantes para used.

USTED   DEBE   LLEVAR   ESTE   DOCUMENTO   A   SU   ABOGADO INMEDIATAMENTE.  SI USED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.

SI USED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.

**PENNSYLVANIA LAWYER REFERRAL SERVICE**
**PENNSYLVANIA BAR ASSOCIATION**
**100 SOUTH STREET**
**P.O. Box 186**
**Harrisburg, PA 17108**
**800/692-7375**

582631

2

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND LORI L. DELLINGER **Plaintiffs** | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PA |
| | NO. |
| v. | CIVIL ACTION MEDICAL PROFESSIONAL LIABILITY ACTION |
| KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH **Defendants** | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

AND NOW, come the Plaintiffs, Walter E. Dellinger, Jr and Lori L. Dellinger, by and through their attorney, Richard C. Angino, Angino Law Firm, P.C., and file their Complaint alleging as follows:

## PARTIES

1.      Plaintiffs, Walter E. Dellinger, Jr (hereinafter, "Mr. Dellinger") and Lori L. Dellinger (hereinafter, "Mrs. Dellinger") are adult individuals who reside in Fayetteville, Franklin County, Pennsylvania.

2.      Defendant, Karli Richards, DPM. FACFAS, CWSP (hereinafter "Defendant Richards"), is currently and was at all times relevant to this Complaint, a physician specializing in orthopaedics and orthopaedic surgery. Defendant Richards is licensed to practice medicine in

the Commonwealth of Pennsylvania. At all times relevant to this Complaint, she regularly practiced in Franklin County, Pennsylvania, where she operated out of Richards Orthopaedic Center and Sports Medicine (hereinafter "Richards Orthopaedic") and the Wound Center at Chambersburg Hospital. Currently, Defendant Richards regularly practices in Franklin County, Pennsylvania, where she operates out of Richards Orthopaedic Center and Sports Medicine and the Wound Center at Chambersburg Hospital. Plaintiffs are asserting professional liability claims against Defendant Richards. A Certificate of Merit is attached hereto as **"Exhibit A."**

3.      Defendant, Ganga B. Ramidi, MD (hereinafter "Defendant Ramidi"), was at all times relevant to this Complaint, a physician specializing in internal medicine and infectious disease. Defendant Ramidi at the time of the incident was licensed to practice medicine in the Commonwealth of Pennsylvania. At all times relevant to this Complaint, she regularly practiced in Franklin County, Pennsylvania, where she practiced at The Chambersburg Hospital (hereinafter "Chambersburg Hospital"). Currently, Defendant Ramidi has no active license in the Commonwealth of Pennsylvania. Plaintiffs are asserting professional liability claims against Defendant Ramidi. A Certificate of Merit is attached hereto as **"Exhibit B."**

4.      Defendant Richards Orthopaedic Center and Sports Medicine, LLC is a professional company with offices located at 144 S 8th St, Chambersburg, PA 17201.  A Certificate of Merit is attached hereto as **"Exhibit C."**

5.      Defendant The Chambersburg Hospital is a corporate institution with medical facilities and offices located at 112 North Seventh Street, Chambersburg, Franklin County, Pennsylvania. A Certificate of Merit is attached hereto as **"Exhibit D."**

6.      Defendant Summit Health is a business entity operating The Chambersburg Hospital and Wound Center with offices located at 112 North Seventh Street, Chambersburg, Franklin County, Pennsylvania.

## FACTS

7.     On July 15, 2015, Mr. Dellinger had a surgical procedure on his right foot and ankle for severe osteoarthrosis with associated deformity and pain. The surgical procedure was called a right ankle and subtalar joint fusion utilizing an IM locking nail. The surgery was performed at Chambersburg Hospital.

8.     On August 31, 2015, Mr. Dellinger presented to Dr. Richards with complaints of "drainage" from his heel. Defendant Richards diagnosed, "wound dehiscence to the posterior calcaneal incision site with deep fibrous tissue and incurvated skin".

9.     Between September, 2015 and early November, 2015 the dehisced wound waxed and waned a bit as documented by Defendant Richards at both Richards Orthopaedic and the Wound Center.

10.     On November 10, 2015, Mr. Dellinger presented to Defendant Richards at the Wound Center with, "increased drainage and pain to the right heel". Defendant Richards diagnosed, "right posterior heel wound with possible infection and complicated postoperative wound". A culture was obtained and Mr. Dellinger was started on antibiotics of Cipro and Clindamycin. The culture revealed no bacterial growth.

11.     On November 13, 2015, Mr. Dellinger presented to the Wound Center for followup evaluation and treatment. At this evaluation, the "the right heel posterior incision site remains dehisced, consisting of fibrogranular tissue and exposed tendo Achilles. The aforementioned area of dehiscence does probe deep, reaching the underlying osseous and retained hardware. There is a peri-wound cellulitis, not ascending. Increased tenderness along the area of dehiscence is noted." Mr. Dellinger was advised to complete his antibiotics of Cipro and Clindamycin.

12.     On November 18, 2015, Mr. Dellinger was admitted to Chambersburg Hospital for right heel cellulitis and possible abscess. In the history and physical Defendant Richards writes, "I did contact Dr. Ramidi and got her recommendations as well. She did also recommend admission for IV antibiotic therapy and surgical washout." Mr. Dellinger did undergo an operative procedure which included a right posterior heal bone biopsy, right heel culture, hardware removal from the posterior calcaneus, exploration of plantar right heel and washout of posterior right heel. The operative report indicates the need for six (6) weeks of IV antibiotic therapy secondary to infection and possible osteomyelitis.

13.     On or about November 18, 2015, Mr. Dellinger was seen by Defendant Ramidi at Chambersburg Hospital post-surgery.   Defendant Ramidi recommended, "empiric broad spectrum antibiotics with IV Vancomycin...and IV Cefepime...for gram positive coverage including Methicillin Resistant Staph Aureus (MRSA) and gram negative coverage including pseudomonas."

14.     On November 20, 2015, Mr. Dellinger was discharged from Chambersburg Hospital on IV Vancomycin via PICC line with antibiotic management by infectious disease and follow-up at the Wound Center.

15.     On December 18, 2015, IV Vancomycin was discontinued due to a rash. Mr. Dellinger was subsequently placed on oral Doxycycline.

16.     On January 27, 2016, an abscess on Mr. Dellinger's right lateral foot was noted and drainage was cultured and grew MRSA with the same antibiotic sensitivity profile as previously cultured.

17.     On February 21, 2016, Mr. Dellinger underwent a third operation to remove all the remaining hardware from his ankle. Intravenous antibiotic of Teflaro (Ceftaoline) was started.

18.    On March 24, 2016, Mr. Dellinger was noted to have persistent delayed healing of the wounds of his right heel and foot.

19.    On June 6, 2016, Mr. Dellinger's "right ankle wounds were one hundred (100) percent healed. There was no evidence of infection. Radiographic studies completed revealed valgus deformity of the right ankle secondary to loss of lateral talus height from previous bone infection. No evidence of acute infection on x-ray."

20.    On July 14, 2016, Mr. Dellinger presented to Chambersburg Hospital Emergency with a right leg infection. Blood cultures obtained resulted with MRSA. Radiology reports revealed changes of probable osteomyelitis of the right calcaneus, talus, and lateral malleolus ankle bones.  Intravenous antibiotics of Teflaro were again started and Mr. Dellinger was referred to another facility for evaluation and treatment.

## COUNT I - NEGLIGENCE

### Walter E. Dellinger, Jr v. Dr. Karli Richards, DPM

21.    Paragraphs 1 through 20 are incorporated herein as if set forth at length.

22.    Plaintiffs' damages were the result of the negligent, careless, and substandard care provided to Mr. Dellinger by Defendant Richards, as follows:

  a)    failure to recognize that Mr. Dellinger was not healing properly at the time of his follow-up visits which resulted in multiple surgical procedures;

  b)    failure to properly manage the post-operative ankle infection which resulted in multiple surgical procedures;

  c)    failure to properly manage the post-operative ankle infection which resulted in increased pain;

  d)    failure to prescribe sufficient antibiotic coverage to treat Mr. Dellinger's MRSA infection resulting in multiple surgical procedures

582631

7

WHEREFORE, Plaintiff Walter E. Dellinger, Jr demands judgment in his favor and against Defendant Karli Richards, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT II - NEGLIGENCE

### Walter E. Dellinger, Jr v. Ganga B. Ramidi, MD

23.    Paragraphs 1 through 22 are incorporated herein as if set forth at length.

24.    Plaintiffs' damages were the result of the negligent, careless, and substandard care provided to Mr. Dellinger by Defendant Ramidi, as follows:

    a)    failure to recommend sufficient antibiotic coverage to treat Mr. Dellinger's MRSA infection resulting in multiple surgical procedures;

    b)    failure to recommended antibiotic treatment duration to eradicate the MRSA infection which resulted in multiple surgical procedures;

    c)    failure to properly manage the post-operative ankle infection which resulted in increased pain;

    d)    failure to prescribe sufficient antibiotic coverage to treat Mr. Dellinger's MRSA infection resulting in multiple surgical procedures

WHEREFORE, Plaintiff Walter E. Dellinger, Jr demands judgment in his favor and against Defendant Ganga B. Ramidi, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT III – VICARIOUS LIABILITY

### Walter E. Dellinger, Jr v. Richards Orthopaedics and Sports Medicine, LLC

25.    Paragraphs 1 through 24 are incorporated herein as if set forth at length.

26.   Plaintiffs' damages were the result of the negligent, careless, and substandard care provided to Mr. Dellinger by Defendant Richards Orthopaedics through their agents, employees, and ostensible agents, Defendant Richards and any other individual involved in the care of Mr. Dellinger as set forth in paragraphs 1-24 above.

27.   Defendant Richards Orthopaedics is vicariously liable for the negligence and malpractice of Defendant Richards in failing to recognize the delay in healing, treat the infection with proper antibiotic coverage, treat for an appropriate time period to avoid multiple surgical procedures and pain endured by Mr. Dellinger.

WHEREFORE, Plaintiff Walter E. Dellinger, Jr. demands judgment in his favor and against Defendant Richards Orthopaedics and Sports Medicine, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT IV – VICARIOUS LIABILITY

### Walter E. Dellinger, Jr v. The Chambersburg Hospital, Wound Center, and Summit Health

28.   Paragraphs 1 through 27 are incorporated herein as if set forth at length.

29.   Plaintiffs' damages were the result of the negligent, careless, and substandard care provided to Mr. Dellinger by Defendant Chambersburg Hospital, Wound Center, and Summit Health through their agents, employees, and ostensible agents, Defendant Ramidi and any other individual involved in the care of Mr. Dellinger as set forth in paragraphs 1-27 above.

30.   Defendant Chambersburg Hospital, Wound Center, and Summit Health is vicariously liable for the negligence and malpractice of Defendant Ramidi in failing to appropriately recommend the appropriate antibiotic, treatment course and prescribing same resulting in multiple surgical procedures and pain endured by Mr. Dellinger.

582631

31.     Defendant Chambersburg Hospital, Wound Center and Summit Health is vicariously liable for failing to maintain minimum standard infection control practices in caring for Mr. Dellinger throughout his treatment course at the Wound Center including hyperbaric therapy.

**WHEREFORE,** Plaintiff Walter E. Dellinger, Jr demands judgment in his favor and against Defendant Chambersburg Hospital, Wound Center and Summit Health in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## CLAIM I – DAMAGES

### WALTER E. DELLINGER, JR v. KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH

32.     Paragraphs 1 through 31 are incorporated herein as if set forth at length.

33.     As a result of the Defendants' negligence as alleged above, Mr. Dellinger was forced to incur medical expenses, and will continue to incur medical expenses in an amount unknown at this time, for surgical treatment, medical treatment, medications, and other similar expenses in an attempt to restore himself to health, and claims are made therefor.

34.     Plaintiff, Mr. Dellinger was covered by Medicare Part A. Notification has been provided to Medicare. The subrogation amount is unknown at this time; however, claims are made therefor.

35.     As a result of the Defendants' negligence as alleged above, Mr. Dellinger experienced pain, suffering, humiliation, disfigurement, loss of life's pleasures and enjoyment, limitation, and mental anguish, and claims are made therefor.

36.     Defendants are liable to Walter E. Dellinger, Jr. for the damages set forth herein.

WHEREFORE, Plaintiff Walter E. Dellinger, Jr. demands judgment in his favor and against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

## CLAIM II - LOSS OF CONSORTIUM

### LORI L. DELLINGER v. KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH

37.    Paragraphs 1 through 38 are incorporated herein as if set forth at length.

38.    As a result of the injuries sustained by her husband, Plaintiff Lori L. Dellinger has suffered a loss of the care, custody, society, consortium, services, and companionship of her husband, Walter E. Dellinger, Jr., all of which losses are to her detriment, and claims are made therefor.

WHEREFORE, Plaintiff Lori L. Dellinger demands judgment in her favor and against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

Respectfully submitted,

ANGINO LAW FIRM, P.C.

Date: May 24, 2017

by: _____
Richard C. Angino, Esquire
I.D. No. 07140
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
*Counsel for Plaintiffs*

582631

11

## CERTIFICATE OF SERVICE

I, Dawn M. Foehrkolb, hereby certify that a copy of the foregoing pleading, was forwarded to the following via first class mail, postage pre-paid:

Michael M. Badowski, Esquire
Margolis Edelstein
3510 Trindle Road
Camp Hill, PA 17011
P: 717-760-7500
F: 717-975-8124
Email: mbadowski@margolisedelstein.com
Attorneys for Defendants, Karli Richards, DPM, FACFAS, CWSP
and Richards Orthopaedic Center and Sports Medicine, LLC

Ganga Ramidi, M.D.
St. Elizabeth Physicians
2765 Chapel Place
Suite 250
Crestview Hills, KY 41017
Defendant

The Chambersburg Hospital
112 North Seventh Street
Chambersburg, PA 17201
Defendant

Wound Center
112 North Seventh Street
Chambersburg, PA 17201
Defendant

Summit Health
112 North Seventh Street
Chambersburg, PA 17201
Defendant

Date: 5/24/2017

Dawn M. Foehrkolb, Legal Assistant

582631

12

## VERIFICATION

I, Walter E. Dellinger, Plaintiff, have read the foregoing Amended Complaint and do hereby swear or affirm that the facts set forth in the foregoing are true and correct to the best of my knowledge, information and belief. I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
Witness

Date: May 24, 2017

_____
Walter E. Dellinger, Jr.

Date: May 24, 2017

## VERIFICATION

I, Lori L. Dellinger, Plaintiff, have read the foregoing Amended Complaint and do hereby swear or affirm that the facts set forth in the foregoing are true and correct to the best of my knowledge, information and belief. I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Witness

Date: May 24, 2017

Lori L. Dellinger

Date: May 24, 2017

# EXHIBIT - A

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND LORI L. DELLINGER<br>Plaintiffs<br><br>v.<br><br>KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH<br>Defendants | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PA<br><br>NO.<br><br>CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

### Certificate of Merit as to Karli Richards, DPM, FACFAS, CWSP

I, Richard C. Angino, certify that:

(X) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

( ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

( ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: April 12, 2017

_____
Richard C. Angino, Esquire

**EXHIBIT A**

.15

573984

# EXHIBIT - B

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiffs

| | |
|---|---|
| WALTER E. DELLINGER, JR AND LORI L. DELLINGER<br>Plaintiffs<br><br>v.<br><br>KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH<br>Defendants | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PA<br><br>NO.<br><br>CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

### Certificate of Merit as to Ganga B. Ramidi, MD

I, Richard C. Angino, certify that:

(X) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

( ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

( ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date: April 12, 2017

_____
Richard C. Angino, Esquire
**EXHIBIT B**

573984

16

# EXHIBIT - C

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-5791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| WALTER E. DELLINGER, JR AND | IN THE COURT OF COMMON PLEAS |
| LORI L. DELLINGER | FRANKLIN COUNTY, PA |
|     Plaintiffs | |
| | NO. |
|     v. | |
| | CIVIL ACTION |
| KARLI RICHARDS, DPM, FACFAS, | MEDICAL PROFESSIONAL LIABILITY ACTION |
| CWSP; GANGA RAMIDI, MD; | |
| RICHARDS ORTHOPAEDIC CENTER | JURY TRIAL DEMANDED |
| AND SPORTS MEDICINE, LLC; THE | |
| CHAMBERSBURG HOSPITAL, | |
| WOUND CENTER and SUMMIT | |
| HEALTH | |
|     Defendants | |

### Certificate of Merit as to Richards Orthopaedic Center and Sports Medicine, LLC

I, Richard C. Angino, certify that:

( ) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

(X) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

( ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date:  April 12, 2017

                                            Richard C. Angino, Esquire

### EXHIBIT C

17

5739RA

# EXHIBIT - D

ANGINO LAW FIRM, P.C.
RICHARD C. ANGINO
Attorney ID# : 07140
4503 North Front Street
Harrisburg, PA 17110-1708
(717) 238-6791
FAX (717) 238-5610
E-mail: rca@anginolaw.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| WALTER E. DELLINGER, JR AND LORI L. DELLINGER<br><br>      Plaintiffs<br><br>v.<br><br>KARLI RICHARDS, DPM, FACFAS, CWSP; GANGA RAMIDI, MD; RICHARDS ORTHOPAEDIC CENTER AND SPORTS MEDICINE, LLC; THE CHAMBERSBURG HOSPITAL, WOUND CENTER and SUMMIT HEALTH<br>      Defendants | IN THE COURT OF COMMON PLEAS FRANKLIN COUNTY, PA<br><br>NO.<br><br>CIVIL ACTION<br>MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

**Certificate of Merit as to The Chambersburg Hospital, Wound Center and Summit Health**

I, Richard C. Angino, certify that:

( ) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

(X) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

( ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date:  April 12, 2017

_____
Richard C. Angino, Esquire

**EXHIBIT D**

18

573984

# EXHIBIT "C"

# ANGINO LAW FIRM, P.C.

RICHARD C. ANGINO  RCA@ANGINOLAW.COM

ANGINO & LUTZ, P.C. 2014 - 2015
ANGINO & ROVNER, P.C. 1983-2014
BENJAMIN & ANGINO 1979-1983

October 11, 2017

## SENT VIA CERTIFIED/RETURN RECEIPT REQUESTED

U.S. Department of Health and Human Services
200 Independence Avenue
Washington, D.C. 20201

RECEIVED

OCT 1 6 2017

BY: 03161-00329

Re:  Claimant:  Walter E. Dellinger, Jr.
     D/O/A:  11/18/2015

Dear Sir or Madam:

Enclosed please find Claimant, Walter E. Dellinger, Jr.'s Claim for Damage, Injury, or Death, along with **Exhibits A** and **B**.

Should you have any questions or wish to discuss this matter please feel free to contact me or my paralegal, Michelle Kopp.

Very truly yours,

Richard C. Angino

RCA/dmf
Enclosures

cc.:  Michael M. Badowski, Esquire
     Kevin E. Osborne, Esquire
     Samuel S. Dalke, Esquire

4503 NORTH FRONT STREET  HARRISBURG, PA 17110-1799 PHONE: (717) 238-6791 FAX: (717) 238-5610
(800) 648-2070  WWW.ANGINOLAW.COM

585430

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Department of Health and Human Services | Walter E. Dellinger, Jr., 6065 Greenbrier Terrace, Fayetteville, PA 17222. Represented by Richard C. Angino, Esq., Angino Law Firm, P.C., 4503 N. Front St., Harrisburg, PA 17110 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 11/24/1938 | Married | 11/18/2015          N/A | N/A |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attachment.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attachment.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Walter E. Dellinger, Jr. | 6065 Greenbrier Terrace, Fayetteville, PA 17222 |
| Ganga Ramidi, M.D. | St. Elizabeth Physicians, 2765 Chapel Pl, Ste 250, Crestview Hills, KY 41017 |
| Karli Richards, DPM, FACFAS, CWSP | Richards Orthopaedic Center, 144 S 8th St, Chambersburg, PA 17201 |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 1,000,000 | 0.00 | 1,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 717.238.6791 | 10 10 17 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | 17. If deductible, state amount.

N/A | 0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, and Zip Code). ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
 C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
 D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

**8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identify persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).**

Mr. Dellinger had a surgical procedure performed on his foot and ankle on July 15, 2015. After surgery, Mr. Dellinger was seen by Ganga Ramidi, M.D., who has since been identified as a federal employee covered by the FTCA as she was previously employed by Keystone Rural Health Center, although Mr. Dellinger only saw Dr. Ramidi at Chambersburg Hospital. Dr. Ramidi prescribed a course of treatment to deal with an infection for Mr. Dellinger.

The negligent conduct of Dr. Ramidi started on November 18, 2015, when Mr. Dellinger was admitted to Chambersburg Hospital for right heel cellulitis and possible abscess. In the history and physical Dr. Richards writes, "I did contact Dr. Ramidi and got her recommendations as well. She did also recommend admission for IV antibiotic therapy and surgical washout." Mr. Dellinger did undergo an operative procedure which included a right posterior heal bone biopsy, right heel culture, hardware removal from the posterior calcaneus, exploration of plantar right heel and washout of posterior right heel. The operative report indicates the need for six (6) weeks of IV antibiotic therapy secondary to infection and possible osteomyelitis.

Additionally, on November 18, 2015, Mr. Dellinger was seen by Dr. Ramidi at Chambersburg Hospital post-surgery. Defendant Ramidi recommended, "empiric broad spectrum antibiotics with IV Vancomycin...and IV Cefepime...for gram positive coverage including Methicillin Resistant Staph Aureus (MRSA) and gram negative coverage including pseudomonas."

On November 20, 2015, Mr. Dellinger was discharged from Chambersburg Hospital on IV Vancomycin via PICC line with antibiotic management by infectious disease and follow-up at the Wound Center.

On December 18, 2015, IV Vancomycin was discontinued due to a rash. Mr. Dellinger was subsequently placed on oral Doxycycline.

On January 27, 2016, an abscess on Mr. Dellinger's right lateral foot was noted and drainage was cultured and grew MRSA with the same antibiotic sensitivity profile as previously cultured.

On February 21, 2016,  Mr. Dellinger underwent another operation to remove all the remaining hardware from his ankle. Intravenous antibiotic of Teflaro (Ceftaoline) was started.

On March 24, 2016, Mr. Dellinger was noted to have persistent delayed healing of the wounds of his right heel and foot.

On June 6, 2016, Mr. Dellinger's "right ankle wounds were one hundred (100) percent healed. There was no evidence of infection. Radiographic studies completed revealed valgus deformity of the right ankle secondary to loss of lateral talus height from previous bone infection. No evidence of acute infection on x-ray."

However, on July 14, 2016, Mr. Dellinger presented to Chambersburg Hospital Emergency with a right leg infection. Blood cultures obtained resulted with MRSA. Radiology reports revealed changes of probable osteomyelitis of the right calcaneus, talus, and lateral malleolus ankle bones.  Intravenous antibiotics of Teflaro were again started and Mr. Dellinger was referred to another facility for evaluation and treatment.

Dr. Ramidi was negligent in properly diagnose and treat Mr. Dellinger's wounds and infections.  Specifically, Dr. Ramidi was negligent in her failure: to recommend sufficient antibiotic coverage to treat Mr. Dellinger's MRSA infection resulting in multiple surgical procedures; to recommend antibiotic treatment duration to eradicate the MRSA infection which resulted in multiple surgical procedures; to properly manage the post-operative ankle infection

which resulted in increased pain; to prescribe sufficient antibiotic coverage to treat Mr. Dellinger's MRSA infection resulting in multiple surgical procedures.

## 10. PERSONAL INJURY/WRONGFUL DEATH

As a result of the Defendants' negligence as alleged above, Mr. Dellinger was forced to incur medical expenses, and will continue to incur medical expenses for surgical treatment, medical treatment, medications, and other similar expenses in an attempt to restore himself to health, and claims are made therefor.

Mr. Dellinger was covered by Medicare Part A. Notification has been provided to Medicare. If there is a subrogation amount, claims are made therefor.

As a result of the Defendant's negligence as alleged above, Mr. Dellinger suffered lost past and future earnings and earning capacity, and claims are made therefor.

As a result of the Defendant's negligence as alleged above, Mr. Dellinger experienced pain, suffering, humiliation, disfigurement, loss of life's pleasures and enjoyment, limitation, and mental anguish, and claims are made therefor.

As a result of the injuries sustained by her husband, Lori L. Dellinger has suffered a loss of the care, custody, society, consortium, services, and companionship of her husband, Walter E. Dellinger, Jr., all of which losses are to her detriment, and claims are made therefor.

## 12. AMOUNT OF CLAIM (in dollars)

See attached as **Exhibit A** for the list of medical records that were sent to an Expert in order to form a statement of merit as to Dr. Ganga Ramidi's negligence, now being used to support Mr. Dellinger's claim of $1,000,000 for the extensive injuries he suffered. In addition Mr. Dellinger's medical bills are attached as **Exhibit B**.

# EXHIBIT "D"



## DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
FEB 22 2018
Washington, D.C. 20201
Ph: (202) 691-2369

**U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED**
(Article No. 7012 2920 0000 6882 9356)

Richard C. Angino, Esq.
Angino Law Firm, P.C.
4503 North Front Street
Harrisburg, Pennsylvania 17110-1799

Re: **Administrative Tort Claim of Walter E. Dellinger, Jr., Claim No. 2018-0020**

Dear Mr. Angino:

On October 13, 2017, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, on behalf of your client, Walter E. Dellinger, Jr., alleging, *inter alia*, that, on November 18, 2015, Dr. Ganga Ramidi and Keystone Rural Health Center, located in Chambersburg, Pennsylvania, committed medical malpractice by failing to properly diagnose and treat Mr. Dellinger's medical condition.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent or wrongful act or omission of any employee of the federal government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of this administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Walter E. Dellinger, Jr., is denied. The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

If your client is dissatisfied with this determination, he may:

1.　　file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Page 2- Richard C. Angino, Esq.

2.  file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the Agency will review the administrative tort claim within six (6) months from the date the request is received. If the reconsidered administrative tort claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely yours,

William A. Biglow

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package +

**Tracking Number:** 70122920000068829356

Remove ✕

Your item was delivered to the front desk or reception area at 11:33 am on February 27, 2018 in HARRISBURG, PA 17110.

## ☑ Delivered

February 27, 2018 at 11:33 am
Delivered, Front Desk/Reception
HARRISBURG, PA 17110

---

**Tracking History**                                                      ⌃

**February 27, 2018, 11:33 am**
Delivered, Front Desk/Reception
HARRISBURG, PA 17110
Your item was delivered to the front desk or reception area at 11:33 am on February 27, 2018 in
HARRISBURG, PA 17110.

**February 26, 2018**
In Transit to Next Facility

**February 25, 2018**
In Transit to Next Facility

# EXHIBIT "E"

**February 24, 2018**
In Transit to Next Facility

**February 23, 2018, 9:37 pm**
Departed USPS Regional Facility
HARRISBURG PA DISTRIBUTION CENTER

**February 23, 2018, 10:30 am**
Arrived at USPS Regional Facility
HARRISBURG PA DISTRIBUTION CENTER

**February 22, 2018, 11:17 pm**
Departed USPS Regional Facility
GAITHERSBURG MD DISTRIBUTION CENTER

**February 22, 2018, 10:59 pm**
Arrived at USPS Regional Facility
GAITHERSBURG MD DISTRIBUTION CENTER

**Product Information**  ∨

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| Walter E. Dellinger, Jr., and Lori L. Dellinger, | ) ) ) |   |
| Plaintiffs, | ) ) |   |
| v. | ) ) | Case No. |
| Karli Richards, D.P.M, Ganga Ramidi, M.D., Richards Orthopaedic Center and Sports Medicine, LLC, The Chambersburg Hospital, Wound Center and Summit Health, | ) ) ) ) ) ) ) ) |   |
| Defendants. | ) ) ) |   |

DECLARATION OF
MEREDITH TORRES

1.  I am a Senior Attorney in the General Law Division, Office of the General Counsel,

Department of Health and Human Services (the "Department"). I am familiar with the official

records of administrative tort claims maintained by the Department as well as with the system by

which those records are maintained.

2.  The Department has a Claims Branch that maintains in a computerized database a

record of administrative tort claims filed with the Department, including those filed with respect

to federally supported health centers that have been deemed to be eligible for Federal Tort

Claims Act malpractice coverage.

3.  As a consequence, if a tort claim had been filed with the Department with respect to

Keystone Rural Health Center, its approved delivery sites, or its employees or qualified

contractors, a record of that filing would be maintained in the Claims Branch's database.

-2-

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Walter E. Dellinger, Jr., Lori L. Dellinger or an authorized representative relating to Keystone Rural Health Center and/or Ganga Ramidi, M.D.

5. I have also reviewed official Agency records and determined that Keystone Rural Health Center was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2014, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Keystone Rural Health Center are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Ganga Ramidi, M.D., was an employee of Keystone Rural Health Center from September 3, 2013 through December 31, 2015, and during the times relevant to the Plaintiffs' complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 24th day of August , 2017.

MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

# Exhibit 5

| 1. ISSUE DATE: 5/23/2013 | |
| --- | --- |
| 2a. FTCA DEEMING NOTICE NO.:<br>1-F00000554-13-01 | |
| 2b. Supersedes: [ ] | |
| 3. COVERAGE PERIOD:<br>FROM: 1/1/2014 THROUGH: 12/31/2014 | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| 4. NOTICE TYPE: Renewal | |
| 5a. ENTITY NAME AND ADDRESS:<br>KEYSTONE RURAL HEALTH CENTER<br>755 NORLAND AVE STE 200<br>CHAMBERSBURG, PA 17201-4223 | HRSA<br><br>NOTICE OF DEEMING ACTION<br><br>FEDERAL TORT CLAIMS ACT AUTHORIZATION: |
| 6. ENTITY TYPE: Grantee | Federally Supported Health Centers Assistance Act<br>(FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) |
| 7. EXECUTIVE DIRECTOR:<br>Joanne Cochran | Act, 42 U.S.C. § 233(g)-(n) |
| 8a. GRANTEE ORGANIZATION:<br>KEYSTONE RURAL HEALTH CENTER | |
| 8b. GRANT NUMBER: H80CS00076 | |

9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

10. Remarks:

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 5/23/2013 5:42:57 PM*

| FTCA DEEMING NOTICE NO.:<br>1-F00000554-13-01 | GRANT NUMBER:<br>H80CS00076 |  |
|---|---|---|

KEYSTONE RURAL HEALTH CENTER
755 NORLAND AVE STE 200
CHAMBERSBURG, PA 17201-4223

Dear Joanne Cochran:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems KEYSTONE RURAL HEALTH CENTER to be an employee of the PHS, for the purposes of section 224, effective 1/1/2014 through 12/31/2014.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both KEYSTONE RURAL HEALTH CENTER and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

**1. ISSUE DATE:** 6/19/2014

**2a. FTCA DEEMING NOTICE NO.:**
1-F00000554-14-01

**2b. Supersedes:** [ ]

**3. COVERAGE PERIOD:**
FROM: 1/1/2015 THROUGH: 12/31/2015

**4. NOTICE TYPE:** Renewal

**5a. ENTITY NAME AND ADDRESS:**
KEYSTONE RURAL HEALTH CENTER
755 NORLAND AVE STE 200
CHAMBERSBURG, PA 17201-4223

**6. ENTITY TYPE:** Grantee

**7. EXECUTIVE DIRECTOR:**
Joanne Cochran

**8a. GRANTEE ORGANIZATION:**
KEYSTONE RURAL HEALTH CENTER

**8b. GRANT NUMBER:** H80CS00076

DEPARTMENT OF HEALTH AND
HUMAN SERVICES
HEALTH RESOURCES AND SERVICES
ADMINISTRATION

**HRSA**

**NOTICE OF DEEMING ACTION**

**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**
Federally Supported Health Centers Assistance Act
(FSHCAA), as amended,
Sections 224(g)-(n) of the Public Health Service (PHS)
Act, 42 U.S.C. § 233(g)-(n)

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 6/19/2014 9:47:35 AM*

| FTCA DEEMING NOTICE NO.:<br>1-F00000554-14-01 | GRANT NUMBER:<br>H80CS00076 |  |
| --- | --- | --- |

**KEYSTONE RURAL HEALTH CENTER**
**755 NORLAND AVE STE 200**
**CHAMBERSBURG, PA17201-4223**

Dear Joanne Cochran:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems KEYSTONE RURAL HEALTH CENTER to be an employee of the PHS, for the purposes of section 224, effective 1/1/2015 through 12/31/2015.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both KEYSTONE RURAL HEALTH CENTER and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 7/14/2015 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000554-15-01 | |
| **2b. Supersedes: [ ]** | |
| **3. COVERAGE PERIOD:**<br>**FROM:** 1/1/2016 **THROUGH:** 12/31/2016 | DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES<br>ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>KEYSTONE RURAL HEALTH CENTER<br>755 NORLAND AVE STE 200<br>CHAMBERSBURG, PA 17201-4223 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT<br>AUTHORIZATION:** |
| **6. ENTITY TYPE:** Grantee | Federally Supported Health Centers Assistance<br>Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service<br>(PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **7. EXECUTIVE DIRECTOR:**<br>Joanne Cochran | |
| **8a. GRANTEE ORGANIZATION:**<br>KEYSTONE RURAL HEALTH CENTER | |
| **8b. GRANT NUMBER:** H80CS00076 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

    a. The authorizing program legislation cited above.
    b. The program regulation cited above, and,
    c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

| FTCA DEEMING NOTICE NO.: 1-F00000554-15-01 | GRANT NUMBER: H80CS00076 |  |
| --- | --- | --- |

**KEYSTONE RURAL HEALTH CENTER**
**755 NORLAND AVE STE 200**
**CHAMBERSBURG, PA17201-4223**

Dear Joanne Cochran:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems KEYSTONE RURAL HEALTH CENTER to be an employee of the PHS, for the purposes of section 224, effective 1/1/2016 through 12/31/2016.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both KEYSTONE RURAL HEALTH CENTER and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| FTCA DEEMING NOTICE NO.:<br>1-F00000554-16-01 | GRANT NUMBER:<br>H80CS00076 |  |
|---|---|---|

**KEYSTONE RURAL HEALTH CENTER**
755 NORLAND AVE STE 200 CHAMBERSBURG, PA 17201-4223
CHAMBERSBURG, PA

Dear Joanne Cochran:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems KEYSTONE RURAL HEALTH CENTER to be an employee of the PHS, for the purposes of section 224, effective 1/1/2017 through 12/31/2017.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both KEYSTONE RURAL HEALTH CENTER and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

# Exhibit 6

## CERTIFICATION

I, Kate L. Mershimer, Chief, Civil Division, United States Attorney's Office for the Middle District of Pennsylvania, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2), and by virtue of the authority vested in the United States Attorney by Appendix to 28 C.F.R. § 15.3, and his re-delegation of that authority to me, hereby certify that I have read the Complaint, Amended Complaint, and related court papers in this action and other relevant material.   On the basis of the information now available with respect to the allegations therein, I find that Ganga Ramidi, MD, was acting within the scope of her employment as an employee of the United States at all relevant times during which she provided medical treatment to Walter E. Dellinger, Jr.

Kate L. Mershimer
Assistant U.S. Attorney
Chief, Civil Division
228 Walnut Street, Suite 220
Harrisburg, PA 17108

Dated: _Aug. 28, 2017_