## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER DELLINGER, JR.,** | : | |
| **and LORI L. DELLINGER,** | : | |
| **Plaintiffs** | : | **No. 1:18-cv-02119** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **KARLI RICHARDS, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently before the Court is Defendant United States of America ("the Government")'s

motion to dismiss Defendants Summit Health and the Chambersburg Hospital, Wound Center's

("Defendants") joinder complaint for lack of subject matter jurisdiction pursuant to Federal Rule

of Civil Procedure 12(b)(1). (Doc. No. 2.) For the reasons that follow, the Court will grant the

motion.

## I. INTRODUCTION

Plaintiffs Walter Dellinger, Jr. ("Plaintiff Walter Dellinger") and Lori L. Dellinger

("Plaintiff Lori Dellinger"),[1] initiated the instant proceedings by filing a complaint in the Court

of Common Pleas in Franklin County, Pennsylvania on April 17, 2017. In so doing, Plaintiffs

named as Defendants Ganga Ramidi, M.D., Karli Richards, Richards Orthopaedic Center and

Sports Medicine, LLC, the Chambersburg Hospital Wound Center, and Summit Health.

Plaintiff's complaint stemmed from complications experienced by Plaintiff Walter Dellinger in

connection with a surgical procedure performed on his right foot in July of 2015, which caused

him to present to the Chambersburg Hospital Wound Center in the fall of 2015 and ultimately

---

[1] When referring to both of these plaintiffs together, the Court refers to them as "Plaintiffs" herein.

undergo a subsequent surgical procedure there.  See 1:17-cv-01537, Doc. No. 1-1 at 8.  On

approximately November 18, 2015, Mr. Dellinger was seen by Defendant Ganga Ramidi

("Ramidi").  See id. at 9.  Plaintiff Walter Dellinger eventually contracted a MRSA infection in

his right leg and experienced injuries in connection with said infection.  See id. at 10.  As a result

of these events, Plaintiffs filed suit against the aforementioned Defendants, asserting claims for

negligence and vicarious liability.

On August 28, 2017, the Government removed that case to this Court, which was

docketed at 1:17-cv-01537 and assigned to the undersigned.  In the notice of removal, the

Government remarked that Ramidi "was an employee of Keystone Rural Health Center from

December 2, 2013 through December 31, 2015" and, pursuant to the Federally Supported Health

Centers Assistance Act of 1992, Ramidi is considered a federal employee for purposes of the

Federal Tort Claims Act ("FTCA").  See 1:17-cv-01537, Doc. No. 1 at 2.  Accordingly, the

Government asserted that "[p]ursuant to the Westfall Act, codified at 28 U.S.C. § 2679, upon

certification 'that the defendant employee was acting within the scope of his office or

employment at the time of the incident out of which the claim arose,' the [s]tate [a]ction 'shall be

removed without bond at any time before trial' to the Middle District of Pennsylvania."  See id.

at 2-3.  The Government additionally gave notice of removal to this Court, as well as the fact

"that the United States is substituted as the defendant in place of [Ramidi]."  See id. at 4.

After the Government filed said notice of removal, the Government moved to dismiss the

complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1),

arguing that dismissal was warranted because Plaintiffs failed to exhaust their administrative

remedies because they had "not filed an administrative tort claim with the responsible agency,

[the] United States Department of Health and Human Services."  See 1:17-cv-01537, Doc. No. 5

at 4. In an Order dated October 31, 2017, the Court granted the motion to dismiss, remanded

Plaintiff's case to state court, and ordered that the federal action be closed. See 1:17-cv-01537,

Doc. No. 8. In finding that dismissal was warranted, the Court noted that Plaintiffs failed to file

the requisite administrative tort claim, in contravention of relevant authority dictating that "[a]

plaintiff must first present a claim to the responsible administrative agency for final decision

before bringing a tort claim against the United States." See id. at 4 (citing 28 U.S.C. § 2675(a)).

Following the Court's Order remanding the previous action, "[P]laintiff Walter Dellinger

submitted an administrative tort claim to the Department of Health & Human Services (HHS)

claiming that Dr. Ramidi committed medical malpractice by failing to properly diagnose and

treat his medical condition on November 18, 2015." (Doc. No. 3 at 3) (citing Doc. No. 3-1 at 63-

75).[2] HHS then "issued a 'notice of final determination' denying [the] administrative tort claim,

and instructing that [Plaintiff Walter Dellinger] has six (6) months to either file for

reconsideration with HHS or suit in federal court against the United States." (Id.) (citing Doc.

No. 3-1 at 65-75). Plaintiff Walter Dellinger did not file suit against the Government within said

time period, nor did he request reconsideration of the HHS decision. (Id.)

On September 27, 2018 Defendants Chambersburg Hospital and Summit Health filed a

third-party joinder complaint in the state action "against the previously dismissed . . . Ramidi for

contribution and indemnification." (Id. at 4.) Subsequently, the Government again removed the

action to this Court and substituted itself as a party in place of Ramidi on the basis that the action

constitutes a proceeding asserted against the United States. (Id.) The Government then filed the

instant motion to dismiss the joinder complaint for lack of subject matter jurisdiction and remand

---

[2] The Government has submitted a copy of the third-party joinder complaint and relevant
documents to its supporting brief and has labeled them Exhibits C and D, which are provided on
the docket in this matter at Docket Number 3-1, pages 63 through 75.

this case to state Court on November 9, 2018 (Doc. No. 2), asserting that the Court lacks subject matter jurisdiction over the third-party complaint against the Government because: (1) application of the derivative jurisdiction doctrine negates subject matter jurisdiction and (2) Plaintiffs' claims for contribution and indemnification are premature because they "have not yet accrued" and, therefore, do not permit Plaintiffs to demonstrate the existence of a live case or controversy. (Id. at 4-5.) Having been fully briefed (Doc. Nos. 3, 5, 6), the Government's motion is ripe for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal of a claim on the basis that subject matter jurisdiction is lacking. See Fed. R. Civ. P. 12(b)(1). "A 12(b)(1) motion may challenge jurisdiction based on the face of the complaint or in its existence in fact." Henderson v. Nationwide Mut. Ins. Co., 169 F. Supp. 2d 365, 367 (E.D. Pa. 2001) (citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)). "When the challenge is facial, the [C]ourt must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff[,]" but when a party raises a factual challenge, "the [C]ourt is not bound by the allegations in the pleadings" and "[t]herefore, 'no presumptive truthfulness attaches to [the] plaintiff's allegations' for factual challenges." See id. (citation omitted) (quoting Mortensen v. First Fed. Savs. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of persuasion." Id. (citing Mortensen, 549 F.2d at 890); see also Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, at 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." (citing Mortensen, 549 F.2d at 891)).

## III. DISCUSSION

As noted <u>supra</u>, the Government asserts that dismissal of the joinder complaint against it is proper on two grounds: (1) this Court lack subject matter jurisdiction over the case by virtue of the doctrine of derivative jurisdiction and (2) a live case or controversy is not present because Plaintiffs' claims for contribution and indemnification have not yet accrued. Because the Court finds that the application of the derivative jurisdiction doctrine warrants dismissal, the Court addresses only the former point herein.

### 1. Applicable Legal Standard

"Under the doctrine of derivative jurisdiction, a federal district court is without proper removal jurisdiction if the state court from which the case was removed lacked subject matter jurisdiction, even if the case could have originally been filed in federal court." <u>Calhoun v. Murray</u>, 507 F. App'x 251, 256 (3d Cir. 2012) (citing <u>Minnesota v. United States</u>, 305 U.S. 382, 389 (1939)). "[T]he doctrine of derivative jurisdiction, despite its perhaps improvident name, is best understood as a procedural bar to the exercise of federal judicial power. That is, the doctrine creates a defect in removal, but is not an essential ingredient to federal subject matter jurisdiction." <u>Id.</u> (quoting <u>Rodas v. Seidlin</u>, 656 F. 3d 610, 619 (7th Cir. 2011)). The Third Circuit has recognized the applicability of the doctrine of derivative jurisdiction. <u>See, e.g.,</u> <u>Turturro v. Agusta Aerospace Corp.</u>, No. 10-cv-2894, 2010 WL 3239199, at *3 (E.D. Pa. Aug. 13, 2010) (commenting that "the doctrine of derivative jurisdiction is alive and well in this circuit"). Courts have considered this doctrine in the context of claims asserted under the FTCA, which provides, in pertinent part, that federal district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any

employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. § 1346(b)(1); see also, e.g., Tami v. Butler, No. 17-cv-12254, 2019 WL 1435926, at *3 (D.N.J. Mar. 31, 2019) (discussing the applicability of the doctrine of derivative jurisdiction to removal cases involving FTCA claims).

### 2. Arguments of the Parties

The Government argues that dismissal of the third-party claim asserted against it is warranted by operation of the derivative jurisdiction doctrine because in this case – where "the third-party [P]laintiffs assert an FTCA tort claim for contribution and indemnity against the United States, relating to the alleged medical treatment provided" by Ramidi and the Government removed the case to this Court – "the state court had no original jurisdiction over [the] FTCA case[]" and, as a result, "this [C]ourt acquired none on the removal of the third party FTCA claims." (Doc. No. 3 at 8-9.) To that end, the Government asserts that "[i]n cases involving the same facts and procedural posture – including third party claims against federally supported health care centers and physicians – other federal courts have dismissed third party indemnity and contribution claims pursuant to the derivative jurisdiction doctrine." (Id. at 10-11) (discussing Barnaby v. Quintos, 410 F. Supp. 2d 142 (S.D.N.Y. 2005) and Jiron v. Christus St. Vincent Regional Med. Ctr., 960 F. Supp. 2d 1147 (D.N.M. 2012)). Further, the Government "[t]his case was removed . . . under 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 2679(d)(2), and/or 42 U.S.C. § 233(c)" and "[a]s such, the jurisdiction of this Court is derivative of that of the Franklin County Court of Common Pleas[,]" meaning that "[b]ecause the Court of Common Pleas lacked jurisdiction over the third-party complaint asserting an FTCA claim, this Court likewise lacks jurisdiction over the third-party complaint." (Id. at 11-12.)

In opposition, Defendants argue that the Government's motion to dismiss should be denied because the doctrine of derivative jurisdiction is inapplicable to the instant case and this Court does have subject matter jurisdiction over the joinder complaint. (Doc. No. 5 at 4.) According to Defendants, "[u]nder Section 2679(d), federal jurisdiction lies only after the Attorney General certifies that the federal employee was acting within the scope of his or her employment[,]" and "[t]he possibility that such certification might issue does not automatically divest a state court of subject matter jurisdiction." (Id.) (citing Thompson v. Wheeler, 898 F. 2d 406, 409 n.2 (3d Cir. 1990)). Further, Defendants state that "[a] cross-claim by an original defendant against a federal additional defendant creates an original basis for subject matter jurisdiction, and the original defendant must be allowed to pursue its cross-claim to conclusion." (Id. at 5) (citing Carr v. Am. Red Cross, 17 F. 3d 671, 683-84 (3d Cir. 1994)). In further support of their argument against dismissal, Defendants state that they filed the instant third-party joinder complaint against Ramidi in state court on September 27, 2018, and "[t]he state court had subject matter jurisdiction over this complaint." (Id. at 8.) Defendants state that the fact that the Government "could choose to remove this action pursuant to Section 2679(d)(2) did not automatically divest the state court of subject matter jurisdiction" because on November 2, 2018, the Government certified that Ramidi was acting in the scope of his employment and removed the case to this Court, and "[t]hrough this certification and removal . . . [the] cross-claims against [] Ramidi became FTCA cross-claims against the United States" and, therefore, the Court "has an independent source of subject matter jurisdiction over Defendants' FTCA cross-claims against the United States and Defendants must be permitted to pursue these cross-claims to their conclusion." (Id.)

In reply, the Government asserts that, to the extent Defendants argue that dismissal is unwarranted "because federal jurisdiction does not lie in 2679(d)(2) removal cases until <u>after</u> the Attorney General issued its . . . certification and, therefore, [the doctrine of] derivative jurisdiction is not applicable[,]" such an argument is misplaced because the certification "in this case was issued on August 22, 2017, 13 months prior to the filing of the third party complaint on September 27, 2018."  (Doc. No. 6 at 3.)  According to the Government, Defendants do not discuss this fact, and, rather, erroneously represent that the certification was issued on November 2, 2018.  (<u>Id.</u>)  The Government maintains that, consequently, the state court lacked jurisdiction over the third-party complaint at the time it was filed, and because the derivative jurisdiction doctrine mandates that "this Court only inherits the jurisdiction which the state court originally had[,]" thus warranting dismissal of the third-party complaint for lack of subject matter jurisdiction.  (<u>Id.</u> at 3-4.)  Further, the Government adds that when Defendants filed the instant contribution claim in state court as to Ramidi, "certification was not a mere 'possibility' but a certainty, as the certification had already been issued in the same case 13 months earlier[,]" thus demonstrating that at the time Defendants filed the current contribution/indemnity claim at issue before this Court, they were aware that Ramidi "was a federal employee for purposes of this litigation, that the state court lacked jurisdiction over their FTCA claim, and that their only recourse was a claim against the United States in federal court."  (<u>Id.</u> at 6.)

> **3.** **Whether the Court Should Dismiss the Joinder Complaint for Lack of Subject Matter Jurisdiction**

Upon review of the record, the parties' arguments, and the applicable law, the Court finds that the doctrine of derivative jurisdiction mandates that this case be dismissed for lack of subject matter jurisdiction.  First, the Court finds persuasive the Government's assertion that the state court from which this action was removed lacked subject matter jurisdiction over the case as a

result of the exclusive jurisdiction granted to federal courts in adjudicating FTCA claims.  See, e.g., Rodas v. Seidlin, 656 F. 3d 610, 616 (7th Cir. 2011) ("The United States has waived its sovereign immunity to tort liability only under the [FTCA], which vests exclusive jurisdiction over such claims in federal court." (citing 28 U.S.C. § 1346(b)(1))).  Second, it is not disputed that courts in this Circuit recognize the doctrine of derivative jurisdiction when applicable.  See Turturro, 2010 WL 3239199, at *3 (remarking that "the doctrine of derivative jurisdiction is alive and well in this circuit").  This authority, therefore, suggests that the doctrine of derivative jurisdiction is applicable to the case at bar.

Moreover, as the Government aptly notes (Doc. No. 3 at 9), the doctrine of derivative jurisdiction is applicable to the instant case in light of the fact that courts have applied it in similar circumstances.  See Schouppe v. Upright, No. 3:18-cv-479, 2018 WL 2734835, at *3 (M.D. Pa. June 7, 2018) (finding that when judged against similar case law, "in the instant case the state court had no jurisdiction" and "[t]hus, this court also has no jurisdiction" by operation of the doctrine of derivative jurisdiction); Garcia v. United States, No. 3:12-cv-1978, 2013 WL 433538, at *2 (M.D. Pa. Feb. 5, 2013) (dismissing complaint upon application of the doctrine of derivative jurisdiction and reasoning that district courts possess "exclusive jurisdiction over FTCA civil actions for monetary damages" and that "[a]s such, the state court in which the plaintiff originally filed this action lacked subject matter jurisdiction over the FTCA claims"); see also Jiron v. Christus St. Vincent Med. Ctr., 960 F. Supp. 2d 1147, 1150-51 (D.N.M. Nov. 7, 2012) (finding that subject matter jurisdiction was lacking in FTCA removal case upon application of the doctrine of derivative jurisdiction where the Government's certification "ma[de] clear that the effective date of [the third-party defendant's] eligibility for malpractice coverage under the FTCA was as early as January 1, 2006" and, therefore, when the claim

against the third-party defendant was filed, the state court lacked subject matter jurisdiction); Barnaby v. Quintos, 410 F. Supp. 2d 142, 146-47 (S.D.N.Y. 2005) (applying the doctrine of derivative jurisdiction and concluding that subject matter jurisdiction was lacking in FTCA case where the Government "had already certified that the [relevant] defendants were federal employees acting within the scope of their employment . . . prior to the dismissal of the case against those defendants for failure to exhaust administrative remedies" and, as a result, "the state court lacked jurisdiction at the time the case was removed in July [of] 2005").  Upon review of the relevant authority, therefore, this Court finds that it lacks subject matter jurisdiction over the instant case and, consequently, will dismiss the third-party complaint against the Government and remand this case to the state court from which it was removed.

## IV.    CONCLUSION

Based on the foregoing, the Court will grant the motion to dismiss.  (Doc. No. 2.)  An appropriate Order follows.